JOHN KING, plaintiff in error, *vs.* JOHN LOUDON, assignee, defendant in error.

Where, within four months after the levy of an attachment, the defendant was adjudged a bankrupt, and the plaintiff, notwithstanding, proceeded to take a judgment on the attachment, it was not error in the judge, on motion of the assignee, to declare the attachment dissolved; nor was it necessary, in a case when the property levied on had, before the adjudication in bankruptcy, been, by order of the court, sold to prevent waste, and turned into money, that the assignee should, before the attachment was dissolved, formally disclose to the court that he wished to demand the fund arising from the sale. The dissolution of the attachment is simply the declaration upon the minutes, on information to the court of the adjudication of bankruptcy, of the legal effect of such bankruptcy.

Bankrupt. Attachment. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

Loudon, as assignee of the Empire Cotton Seed Huller and Oil Company, moved to dissolve an attachment against said company in favor of John King, upon the following statement of facts:

The attachment was levied on May 14th, 1872. The defendant was adjudged a bankrupt by the district court of the United States for the southern district of New York, on July 2d, 1872. On June 14th, 1872, the property levied on was sold under an order of Judge Johnson, issued at chambers, on June 3d, 1872, and the proceeds directed to be held subject to the order of the court to which the attachment was returnable. At the November term, 1872, King recovered a judgment on said attachment. On May 28th, 1873, during the May term of the court, John Loudon, as assignee of said bankrupt, moved to dissolve said attachment. He had made no claim to the fund arising from the aforesaid sale. At the November term, 1873, when said motion came on in its order to be heard, the court dissolved the attachment, and King excepted.

PEABODY & BRANNON, for plaintiff in error.

King *vs.* Loudon.

R. J. Moses, for defendant.

McCay, Judge.

The bankruptcy of the defendant, by the express and positive terms of the bankrupt act, dissolved the attachment, and the judgment thereon afterwards taken was void. We are not prepared to say that the sale of the property by the court stood upon the same footing. The property was in its custody legally. If the bankruptcy dissolved the attachment, the court was still the custodian of the property, and might, it would seem, to prevent the waste of it, order it sold and take care of the proceeds. If the defendant was, in fact, a bankrupt, on that fact being officially made known to the court, it was the duty of the court to declare the attachment dissolved; and we think the assignee a proper party to bring the fact of bankruptcy before the court. It was not proper to put him upon terms in this respect. The only object he sought was to notify the court of the bankruptcy. *Ipso facto*, the bankruptcy dissolved the attachment, and the only necessity for any action by the state court was to make its own records perfect. The assignee sought no action—no judgment of the court.

We do not decide what was the effect of the sale. We incline to think it was good, if the seizure was prior to the bankruptcy. The property being in the custody of the court, it was its duty to take care of it until the assignee asserted his title, and a sale of it was, perhaps, the only way to preserve it. It is only to prevent waste that such sales on *mesne* process are justified. The sale in such cases is doubtless good, even though the plaintiff fail in his suit. The remedy of the defendant is on the bond. We think there was no error.

Judgment affirmed.