### In re REICHMAN.

(District Court, E. D. Missouri, E. D.   February 17, 1899.)

BANKRUPTCY—ACTS OF BANKRUPTCY—SUFFERING ATTACHMENT.

Under Bankruptcy Act 1898, § 3, an insolvent debtor commits an act of bankruptcy by suffering or permitting a creditor to obtain a preference through legal proceedings, if he fails to discharge an attachment levied by such creditor on his stock of goods, and allows a sale to be made thereunder. It is not necessary that the debtor should procure, or actively participate in, the bringing of the attachment suit.

In Bankruptcy.

Huff & Garesche, for creditors.
T. J. Rowe, for bankrupt.

ADAMS, District Judge (orally). The act of bankruptcy charged in this case is that the bankrupt suffered and permitted, while insolvent, a creditor to obtain a preference through legal proceedings, and did not, at least five days before a sale of the property affected by such preference, vacate or discharge the same. The petition details the proceedings, by which the bankrupt so suffered and permitted the creditor to secure such preference, to have been as follows: That one Horton duly sued out two writs of attachment against the bankrupt; that the same were executed by the seizure of a stock of goods of the bankrupt; that said stock of goods was afterwards, pursuant to an order of sale duly made, sold; and that the bankrupt did not, within five days before such sale, vacate or discharge the preference. Upon the return of the subpœna in this case, duly served, the bankrupt appears here, and, in his answer filed, admits the facts as stated in the petition, namely, the suing out of the writs of attachment by Horton, and the other proceedings already stated, but says, "He denies that he suffered or permitted said Horton, through legal proceedings, to obtain a preference over other creditors."

The petitioning creditors move for judgment on the pleadings adjudicating the debtor a bankrupt. This motion presents the question sharply whether or not the actual participation by a debtor in securing or bringing about an attachment suit against himself is necessary in order to constitute an act of bankruptcy, under the provisions of section 3 of the act approved July 1, 1898. Subdivision 3 of this section reads as follows:

"Acts of bankruptcy by a person shall consist of his having * * * suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference," etc.

This language, in its ordinary and natural meaning, does not seem to contemplate any actual participation or agency of the debtor. He suffers or permits the act to be done if he allows it to be done. He suffers or permits it to be done if he so conducts his business that a creditor has a cause for attachment, and actually attaches. The act provides a method of escape from the consequences of an unjust attachment by the provision which allows an attached debtor to discharge or

vacate the attachment within five days before a sale or final disposition of the property seized. Unless the debtor avails himself of this remedy, the act of bankruptcy appears to me to be complete. The pleadings in this case show that the debtor failed to do so, and, on the contrary, allowed the attached property to be sold under the attachment proceedings, and that the debtor was insolvent. It is my opinion that the debtor thereby committed an act of bankruptcy, whether or not he actively participated in the institution of the attachment suits. A judgment will therefore be entered adjudicating the debtor a bankrupt.