JONATHAN LEVI and EDWARD F. COHEN, Plaintiffs, *v.* HARRY D. GOLDBERG, Defendant.

ALBERT LEVI, Appellant; WALTER McEWAN, Respondent.

*Attachment — sale of property thereunder — when a junior attaching creditor cannot have it vacated for inadequacy of price — pending bankruptcy proceedings a State court should not order a resale.*

A junior attachment creditor is not entitled to have a sale of a portion of the attached property set aside on the ground that the purchase price was inadequate, where it appears that the remainder of the attached property is more than sufficient to satisfy the claims of both the senior and the junior attachment creditors.

An order, directing a resale of the property in question, should not be granted by the Supreme Court of the State of New York after the United States court, in bankruptcy proceedings against the debtor, has assumed jurisdiction over the debtor's property and has issued an order restraining all parties from taking any further proceeding in the attachment action and directing that all things should remain in *statu quo*.

The United States court should not be hampered by orders of a State court touching property over which it has assumed jurisdiction in proceedings in bankruptcy.

APPEAL by Albert Levi from an order of the Supreme Court, made at the Fulton Special Term and entered in the office of the clerk of the county of Warren on the 28th day of August, 1902, on the motion of Walter McEwan, a junior attaching creditor, setting aside a sale to the said Albert Levi of certain perishable property belonging to the defendant Goldberg, and directing a resale thereof, on the ground of collusion and fraud evidenced by the inadequacy of the purchase price.

*Henry W. Williams*, for the appellant.

*Chambers & Finn*, for the respondent.

KELLOGG, J.:

This order of the Special Term must be reversed, I think, on at least two grounds. It seems that the plaintiffs in the action, as creditors of Harry D. Goldberg, procured an attachment in the Supreme Court against Goldberg's property, and seized personal property appraised at about fifteen hundred dollars; that respond-

ent McEwan subsequently procured an attachment in a Justice's Court on a claim of about forty-seven dollars, and, through a constable, sought to attach the same property. An order was obtained by plaintiffs on August 1, 1902, to sell within two weeks the perishable property, being less in appraised value than one-third of the whole; and under such order the sheriff, after posting the usual notices of sale, did, on August eighth following, sell the perishable property to appellant Albert Levi for fifty dollars, which was paid, and the bulk of the property so purchased was, before any stay was granted, shipped by the purchaser to another county. The moving papers do not show that there is not sufficient property unsold to satisfy respondent's claim of forty-seven dollars, and the opposing papers do show that, in the opinion of the affiants, the unsold property is more than ample to satisfy the balance of plaintiff's claim and the claim of the respondent. If this be the fact, and from the papers before the court we must assume it to be the fact, then the respondent, though his lien be regarded as established, has no cause of complaint because of the sale, even if the sale was for an inadequate price. If the application had been made by the debtor himself the case would have been different.

The second ground relates to the jurisdiction. The order appealed from is dated August twenty-fifth, and directs a resale by the sheriff within two weeks after the manner provided in the original order of sale; directs the sheriff to recover possession of the property, though it has been transferred by the purchaser to another county, and gives to the purchaser leave to apply to the court before a resale for leave to pay the amount of respondent's claim, vacate this order for a resale, and permit the sale heretofore made to stand as though this order had not been made. The order does not require the purchaser to restore to the sheriff the property purchased.

It appears that on the sixteenth day of August, some nine days before this resale order was granted, the United States court, upon the petition of creditors represented by the attorneys for respondent herein, on an application in involuntary bankruptcy of the debtor Goldberg, took jurisdiction of the whole subject-matter and issued an order staying the sheriff from selling or otherwise disposing of the attached property and restraining the purchaser, Albert Levi, from receiving, selling or disposing, or interfering in any manner

with the property sold to him by the sheriff, and restraining all parties from taking any further proceedings in said attachment action, etc. A copy of this order of the Federal court was before the court at Special Term, before the order appealed from was granted, and the order appealed from is in direct conflict with it. That portion of the order of the Federal court restraining all parties from taking any further proceedings in the attachment action, as well as the other provisions of the order providing that all things shall remain in *statu quo*, seems to have been wholly ignored. That the Federal court, in the pending proceedings in bankruptcy, has ample power to determine all matters before the court on the motion for a resale, cannot be doubted. The Federal court should not be hampered with orders of a State court touching property over which it has assumed jurisdiction in proceedings in bankruptcy. The order appealed from was, therefore, we think, improvidently granted, and should be set aside.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements.