LEVI et al. v. GOLDBERG et al.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. ATTACHMENT—JUNIOR ATTACHING CREDITOR—SALE—RESALE.
    A junior attaching creditor, moving to set aside a sale under a senior attachment on the ground of fraud, as evidenced by the inadequacy of the price, and for a resale, did not show that there was not sufficient property unsold to satisfy his claim; and the opposing papers showed that, in the opinion of the affiants, the unsold property was sufficient to satisfy the claims of both attaching creditors. *Held*, that the motion should have been denied.

2. SAME—INVOLUNTARY BANKRUPTCY—ORDERS OF FEDERAL COURT.
    Where a federal court, in proceedings in involuntary bankruptcy of a debtor, issued an order restraining all parties from taking further proceedings in an attachment action against the debtor pending in a state court, and providing that all things should remain in statu quo, the state court ought not to set aside the sale under the attachment, and direct a resale, on the motion of a junior attaching creditor.

Appeal from special term.

Attachment proceedings by Jonathan Levi and another against Harry D. Goldberg. From an order of the special term, made on motion of Walter McEwan, a junior attaching creditor, setting aside a sale of perishable property to Albert Levi under plaintiffs' attachment proceedings, and directing a resale, on the ground of collusion and fraud, evidenced by the inadequacy of the purchase price, Albert Levi appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Ashley & Williams, for appellant.

Chambers & Fin, for respondent McEwan.

KELLOGG, J. This order of the special term must be reversed, I think, on at least two grounds. It seems that the plaintiffs in the action, as creditors of Harry D. Goldberg, procured an attachment in the supreme court against Goldberg's property, and seized personal property appraised at about $1,500; that respondent, McEwan, subsequently procured an attachment in a justice court on a claim of about $47, and, through a constable, sought to attach the same property. An order was obtained by plaintiffs on August 1, 1892, to sell within two weeks the perishable property, being less in appraised value than one-third of the whole; and under such order the sheriff, after posting the usual notices of sale, did on August 8th following sell the perishable property to appellant, Albert Levi, for $50, which was paid, and the bulk of the property so purchased was, before any stay was granted, shipped by the purchaser to another county. The moving papers do not show that there is not sufficient property unsold to satisfy respondent's claim of $47, and the opposing papers do show that in the opinion of the affiants the unsold property is more than ample to satisfy the balance of plaintiff's claim and the claim of the respondent. If this be the fact,—and, from the papers before the court, we must assume it to be the fact,—then the respondent, though his lien be regarded as established, has no cause of complaint because of the sale, even if the sale was for an inadequate price. If the application had been made by the debtor himself, the case would have been different.

The second ground relates to the jurisdiction. The order appealed from is dated August 25th, and directs a resale by the sheriff within two weeks, after the manner provided in the original order of sale; directs the sheriff to recover possession of the property, though it has been transferred by the purchaser to another county; and gives to the purchaser leave to apply to the court before a resale for leave to pay the amount of respondent's claim, vacate this order for a resale, and permit the sale heretofore made to stand as though this order had not been made. The order does not require the purchaser to restore to the sheriff the property purchased. It appears that on the 16th day of August, some nine days before this resale order was granted, the United States court, upon the petition of creditors represented by the attorneys for respondent herein, on an application in involuntary bankruptcy of the debtor, Goldberg, took jurisdiction of the whole subject-matter, and issued an order staying the sheriff from selling or otherwise disposing of the attached property, and restraining the purchaser, Albert Levi, from receiving, selling, or disposing of, or interfering in any manner with, the property sold to him by the sheriff, and restraining all parties from taking any further proceedings in said attachment action, etc. A copy of this order of the federal court was before the court at special term, before the order appealed from was granted, and the order appealed

from is in direct conflict with it. That portion of the order of the federal court restraining all parties from taking any further proceedings in the attachment action, as well as the other provisions of the order providing that all things shall remain in statu quo, seems to have been wholly ignored. That the federal court, in the pending proceedings in bankruptcy, has ample power to determine all matters before the court on the motion for a resale, cannot be doubted. The federal court should not be hampered with orders of a state court touching property over which it has assumed jurisdiction in proceedings in bankruptcy. The order appealed from was therefore, we think, improvidently granted, and should be set aside.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.