# J. E. GRAY, as Trustee of James P. Johnson, Bankrupt, v. E. G. ARNOT, as Sheriff of Walsh County, North Dakota.

(154 N. W. 268.)

**Bankruptcy — judgments — attachments — levies — legal proceedings — within four months of filing petition — adjudged bankrupt — void — contractual liens — in good faith — unaffected.**

1. The language of § 67 of the bankruptcy act of 1898, which provides that "levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt,"—relates merely to levies, judgments, attachments, and liens which are acquired through legal proceedings, and does not affect contractual or quasi contractual liens. A scrupulous care, indeed, is evidenced throughout the act to save all such rights and liens which are obtained in good faith from the bankrupt.

**Sale of goods — action for purchase price — attachment — bankruptcy —petition filed in — attachment — proceedings nullified.**

2. Where within four months of the filing of a petition in bankruptcy an action is brought by the vendor of goods to recover the purchase price of the same, and as subsidiary to such action an attachment is issued and levied against such goods, under the provisions of § 6938, Rev. Codes 1905, being § 7537 of the Compiled Laws of 1913, the lien of such attachment and of the judgment rendered in such attachment proceedings is nullified by the petition.

**Good sold — vendor — lien of — attachment.**

3. A vendor in North Dakota has, after a delivery to the vendee, no lien upon the goods sold, for the purchase price, except by virtue of the levy of an attachment under the provisions of § 6938, Rev. Codes 1905, being § 7537, Comp. Laws 1913.

**Vendor of goods — action for purchase price — attachment — bankruptcy — trustee in — cannot intervene — recovery of goods — right of title —trial of.**

4. Where an action is brought by the vendor of goods to recover the purchase price thereof, and an attachment is issued and levied on such goods in said proceeding, and within four months of the bringing of such action a petition in bankruptcy has been filed, the trustee in bankruptcy has no right or power to intervene in the action in order to gain the possession of the

goods. The action being for money merely, and the lien of the attachment having been nullified by the filing of the petition in bankruptcy, such trustee cannot, by filing a petition in intervention, transform the action into one for the recovery of goods or for the trial of the right of title thereto.

**Bankruptcy — trustee in — possession of property — action for — state courts.**
    5. The trustee of a bankrupt estate may bring an action in the state courts in order to gain possession of property which belongs to the estate.

**Goods sold — action for price — attachment — goods sold under — recovery of — by trustee.**
    6. Where an attachment proceeding and the lien thereof have been nullified by the filing of a petition in bankruptcy, the trustee will not be precluded from recovering the possession of the property by the mere fact that after the filing of such petition the goods have been sold under such attachment proceedings.

**Lien of attachment — nullified — goods — custodia legis — sheriff — involuntary bailee — for trustee in bankruptcy.**
    7. After the lien of an attachment has been nullified by the filing of a petition in bankruptcy, the goods can no longer be said to be *in custodia legis,* so that an action against the sheriff for the possession thereof cannot be maintained. After the nullification of such lien of attachment, the sheriff holds merely as an involuntary bailee for the benefit of him who is entitled to the possession of the goods, and who in such case is the trustee in bankruptcy.

Opinion filed September 16, 1915.

Appeal from the District Court of Walsh County, *Kneeshaw, J.*
Action in claim and delivery to obtain the possession of personal property. Judgment for plaintiff. Defendant appeals.
Affirmed.

Statement of facts by BRUCE, J.

This is an action in claim and delivery, which is brought by the trustee in bankruptcy of an insolvent debtor for the possession of certain personal property which he claims belongs to the estate.

On the 14th day of February, 1911, Bristol & Sweet Company, a corporation, brought an action in the district court of Cass county against the defendant James P. Johnson, of Grafton, North Dakota, to recover the purchase price of certain merchandise theretofore sold to the said Johnson. The complaint describes the property, and alleges that the defendant "had the same on hand." Accompanying this complaint, and on the same day, there was filed in the district court an

affidavit and undertaking in attachment, and afterwards and on the same day a warrant of attachment was issued. The affidavit for attachment, among the other statutory grounds, stated that the action was brought to recover the purchase money of the goods described, and the same statement was made in the complaint. The warrant of attachment was levied on the 16th day of February, 1911, and the goods taken into the sheriff's hands, the goods at the time of the levy being in the possession of the defendant Johnson. On the 18th day of March, 1911, a demurrer was interposed by the defendant Johnson, and later a motion for a change of venue was made, which motion was denied, and which demurrer was overruled, and the defendant was declared in default, and judgment rendered against him for the amount prayed for in the complaint, and so much of the property as was necessary was ordered to be sold to satisfy the judgment. There is no record of any motion having been made for leave to answer before the judgment was rendered. On the 4th day of April, 1911, this judgment was docketed, and the sheriff continued to hold possession of the property until the fall of 1911, when the said sheriff sold the property for considerably less than plaintiff's claim. Meanwhile, and on the 17th day of February, 1911, that is to say, some three days after the bringing of the action by Bristol & Sweet Company, and two days after the warrant of attachment came into the hands of the sheriff, and one day after he had made his levy thereunder, and a month or so before the docketing of the judgment in the action, the defendant in the action, James P. Johnson, filed a petition in bankruptcy in the district court of the United States for the northern district of North Dakota, and in which said petition the said Johnson listed all of his property, including the property attached, claiming that the same did not exceed in value $1,000, and alleged, among other things, that he was a married man and the head of a family, and that said property was exempt. On the 11th day of March, one J. E. Gray was elected trustee in bankruptcy, and duly qualified on the 18th day of March, 1912, and thereupon caused a notice to be given to the defendant E. G. Arnot, the sheriff of Walsh county, and made a demand for the property heretofore described, which demand the sheriff ignored; and on the 17th day of April, 1912, the said trustee, the present plaintiff, brought this action in justice court for the possession of the

same. Judgment was rendered in his favor, and the defendant appealed to the district court. Judgment again being had for the plaintiff, this appeal has been taken. There is evidence that none of the property described in the complaint was set apart to the said Johnson as exempt, and that the same is in no way exempt to him under the laws of the state of North Dakota. There is also evidence that, prior to the levy by the sheriff and the filing of the petition in bankruptcy, that is to say, on the 14th or 15th day of February, 1911, the said sheriff consulted the trustee as a lawyer as to whether the warrant of attachment was all right and regular; that the said Gray told him if he had the papers to go along and serve them.

*A. C. Lacy,* for appellant.

Where property is attached, and within four months thereafter the debtor is declared a bankrupt, and his trustee asserts no right to the property in said attachment proceeding, it is immaterial, as between the attaching creditor and the bankrupt, whether the trustee in bankruptcy has or had a valid title to the property, as the debtor has no other right or title to the property than he had when he filed his petition in bankruptcy, at which time it was subject to attachment. Rochester Lumber Co. v. Locke, 72 N. H. 22, 54 Atl. 705; in Re Durham, 104 Fed. 231.

The trustee in bankruptcy is a purchaser of the property of the bankrupt, and he acquires only the title of the bankrupt, and can sell only such title as the bankrupt had. F. A. Ames Co. v. Slocomb Mercantile Co. 166 Ala. 99, 51 So. 994; Re Peacock, 178 Fed. 851.

The assignee of a bankrupt takes the property subject to all liens to which it was subject while in the hands of the bankrupt. Clason v. Morris, 10 Johns. 524; Phillips v. Helmbold, 26 N. J. Eq. 202; Blank v. Blank, 124 La. 832, 50 So. 745; Union Brewing Co. v. Inter-State Bank & Trust Co. 240 Ill. 454, 88 N. E. 997; Under bankruptcy act 1898, 30 Stat. at L. 566, chap. 541, § 70b; Bennett v. Ætna Ins. Co. 201 Mass. 554, 131 Am. St. Rep. 414, 88 N. E. 335; Walter A. Wood Co. v. Eubanks, 95 C. C. A. 273, 169 Fed. 929.

The trustee is invested with no better title than the bankrupt had. Loveland, Bankr. 3d ed. § 175; Norcross v. Nathan, 99 Fed. 414; Rev. Codes 1905, § 6938; subd. 8, Comp. Laws, 1913, § 7537.

The Federal courts will neither interfere with property in the lawful possession of state courts, nor tolerate interference by the state courts with property in their custody. Rock Island Plow Co. v. Western Implement Co. 21 N. D. 608, 132 N. W. 351; Re Russell, 41 C. C. A. 323, 101 Fed. 248.

A state court is not devested of jurisdiction of an action to enforce a specific lien on property of a debtor, by the debtor's being adjudged a bankrupt pending the action, or by failure of the trustee in bankruptcy to intervene. Vance v. Lane, 26 Ky. L. Rep. 618, 82 S. W. 297; Black, Bankr. 66; Loveland, Bankr. 278; Brandenburg, Bankr. 183; Metcalf Bros. v. Barker, 187 U. S. 165, 173, 47 L. ed. 122, 126, 23 Sup. Ct. Rep. 67; Frazier v. Southern Loan & T. Co. 40 C. C. A. 76, 99 Fed. 707; Pickens v. Dent, 45 C. C. A. 522, 106 Fed. 653; Rock Island Plow Co. v. Western Implement Co. 21 N. D. 608, 132 N. W. 351.

The bankrupt law does not devest state courts of jurisdiction. There is nothing in the act which sanctions anything to the contrary. Eyster v. Gaff, 91 U. S. 521, 23 L. ed. 403; Burbank v. Bigelow, 92 U. S. 179, 183, 23 L. ed. 542, 543.

The filing of a petition in bankruptcy is not a caveat, injunction, or attachment against holders of prior liens or titles. Rathman v. Booth, 106 C. C. A. 253, 183 Fed. 914; Mueller v. Nugent, 184 U. S. 1, 14, 46 L. ed. 405, 411, 22 Sup. Ct. Rep. 269, 275; Eyster v. Gaff, 91 U. S. 521, 23 L. ed. 403; Jerome v. McCarter, 94 U. S. 734, 740, 24 L. ed. 136, 139; Reynolds v. Pennsylvania Oil Co. 150 Cal. 629, 89 Pac. 610.

A trustee failing to intervene in an action pending against a bankrupt is bound by the judgment in such action. Va. 1911, Under bankruptcy act, July 1, 1898, 30 Stat. at L. 544, chap. 541; Heckscher v. Blanton, 111 Va. 648, 37 L.R.A.(N.S.) 923, 69 S. E. 1045; Brown v. Wygant, 163 U. S. 618, 623, 41 L. ed. 284, 286, 16 Sup. Ct. Rep. 1159; Kessler v. Herklotz, 132 App. Div. 278, 117 N. Y. Supp. 45; Remington, Bankr. §§ 1640–1644; Griffin v. Mutual L. Ins. Co. 119 Ga. 664, 46 S. E. 870; Herring v. Downing, 146 Mass. 10, 15 N. E. 116; Thatcher v. Rockwell, 105 U. S. 469, 26 L. ed. 949; Bank of Commerce v. Elliott, 109 Wis. 648, 85 N. W. 417; Vance v. Lane, 26 Ky. L. Rep. 619, 82 S. W. 297; Black, Bankr. 66; Loveland, Bankr. 278; Brandenburg,

Bankr. 183; Collier, Bankr. 7th ed. 222; Hubbard v. Gould, 74 N. H. 25, 64 Atl. 668; Hahlo v. Cole, 112 App. Div. 636, 98 N. Y. Supp. 1049; Eyster v. Gaff, 91 U. S. 521, 23 L. ed. 403; Norton v. Switzer, 93 U. S. 355, 23 L. ed. 903; Jerome v. McCarter, 94 U. S. 734, 737, 24 L. ed. 137, 138; Frazier v. Southern Loan & T. Co. 40 C. C. A. 76, 99 Fed. 707; Burbank v. Bigelow, 92 U. S. 179, 183, 23 L. ed. 542, 543; Re Klein, 97 Fed. 31; Weaver Mercantile Co. v. Thurmond, 68 W. Va. 530, 33 L.R.A.(N.S.) 1061, 70 S. E. 126, 3 N. C. C. A. 1.

Where a court has jurisdiction, it has the right to decide every question which arises in the cause; and whether its decision be correct or not, its judgment, until reversed, is binding in every other court. Metcalf Bros. v. Barker, 187 U. S. 165, 174–176, 47 L. ed. 122, 126–128, 23 Sup. Ct. Rep. 67; Frazier v. Southern Loan & T. Co. 40 C. C. A. 76, 99 Fed. 707.

*Gray & Myers,* for respondent.

A lien for the purchase price of personal property sold and delivered does not exist in this state, merely by force of the exemption statutes, or by reason of any other law. It is the levy upon the property, either under attachment or execution, and while such property is still in the hands of and owned by the original vendee, that gives the lien. Northern Shoe Co. v. Cecka, 22 N. D. 635, 135 N. W. 177.

Where property has been levied upon under attachment within four months prior to the debtor's adjudication in bankruptcy, the attachment is annulled by the filing of petition in bankruptcy by the debtor and his adjudication as a bankrupt; and any lien brought into existence by the attachment is dissolved, and the title to the property vests at once in his trustee in bankruptcy. Bankruptcy act 1898, § 67f; Clarke v. Larremore, 188 U. S. 486, 47 L. ed. 555, 23 Sup. Ct. Rep. 363; First Nat. Bank v. Staake, 202 U. S. 141, 50 L. ed. 967, 26 Sup. Ct. Rep. 582; Re Wilkes, 112 Fed. 975; Staunton v. Wooden, 102 C. C. A. 355, 179 Fed. 61; Goodnough Mercantile Co. v. Galloway, 48 Or. 239, 84 Pac. 1049; Watschke v. Thompson, 85 Minn. 105, 88 N. W. 263; Hall v. Chicago, B. & Q. R. Co. 88 Neb. 20, 128 N. W. 645; Cavanaugh v. Fenley, 94 Minn. 505, 110 Am. St. Rep. 382, 103 N. W. 711; Alexander v. Wilson, 144 Cal. 5, 77 Pac. 706; Dittemore v. Cable Mill. Co. 16 Idaho, 298, 133 Am. St. Rep. 98, 101 Pac. 593;

Bank of Garrison v. Malley, 103 Tex. 562, 131 S. W. 1064; D. C. Wise Coal Co. v. Columbia Lead & Zinc Co. 123 Mo. App. 249, 100 S. W. 680; Wallace v. Camp, 200 Pa. 220, 49 Atl. 942; Wood v. Carr, 115 Ky. 303, 73 S. W. 762; Armour Packing Co. v. Wynn, 119 Ga. 683, 46 S. E. 865.

The provision of our bankruptcy law is similar in effect to general insolvency laws, and operates *ipso facto* to dissolve the attachment. Baum v. Rapheal, 57 Cal. 361; Cerf v. Oaks, 59 Cal. 132; Lynch v. Roberts, 57 Md. 150; O'Neil v. Harrington, 129 Mass. 591; Lincoln v. Leshure, 132 Mass. 40; Nelson v. Winchester, 133 Mass. 435; Gay v. Raymond, 140 Mass. 69, 2 N. E. 782; Wright v. Dawson, 147 Mass. 384, 9 Am. St. Rep. 724, 18 N. E. 1; Wright v. Morley, 150 Mass. 515, 23 N. E. 232; North Star Boot & Shoe Co. v. Lovejoy, 33 Minn. 229, 22 N. W. 388; Wheelock's Petition, 18 R. I. 463, 28 Atl. 966; Bank of American Loan & T. Co. v. Burdick, 18 R. I. 481, 28 Atl. 967; Baldwin v. Buswell, 52 Vt. 57; Palmer v. Woodward, 28 Conn. 248; Johnson v. Bray, 35 Minn. 248, 28 N. W. 504; Owen v. Roberts, 81 Me. 439, 4 L.R.A. 229, 17 Atl. 403.

Such was the holding of the courts under the bankruptcy act of 1867. Duffield v. Horton, 73 N. Y. 219; Miller v. Bowles, 58 N. Y. 253.

Under such statutory provisions, the attachment becomes dissolved without the assistance or necessity of any order of the court out of which it issued. King v. Loudon, 53 Ga. 64; Duffield v. Horton, supra; Tichenor v. Coggins, 8 Or. 270; Sullivan v. Rabb, 86 Ala. 433, 5 So. 746; Conner v. Long, 104 U. S. 228, 26 L. ed. 723; Chapman v. Brewer, 114 U. S. 158, 29 L. ed. 83, 5 Sup. Ct. Rep. 799; International Bank v. Sherman, 101 U. S. 403, 25 L. ed. 866; Bracken v. Johnston, 4 Dill. 518, Fed. Cas. No. 1,761; Hill v. Harding, 93 Ill. 77; Barker v. McLeod, 14 Nev. 148; Johnson v. Bray, 35 Minn. 248, 28 N. W. 504; Weisenfeld & Co. v. Mispelhorn, 5 W. Va. 46.

The dissolution of the attachment lien operates to render the sheriff an involuntary bailee of the property for the owner; that is, his continued possession of the property would be the possession of the owner. 4 Cyc. 808 and 809; Rev. Codes 1905, § 6963, Comp. Laws 1913, § 7562.

As against the bankrupt's trustee, the holding of the property by the sheriff, under such circumstances, would not be an adverse holding. Re Francis-Valentine Co. 36 C. C. A. 499, 94 Fed. 793.

The mere refusal of the sheriff to surrender the attached property does not render him an adverse claimant. Staunton v. Wooden, 102 C. C. A. 355, 179 Fed. 61.

The question of the right of title to property is not here involved. The property in question belonged to the bankrupt; upon his adjudication as a bankrupt, the title thereto at once vested in his trustee, who was then entitled to the physical possession of the same; and the form of this action represents the proper remedy. The moment the attachment was annulled and dissolved, that moment the property ceased to be in the custody of the law; and upon the sheriff's failure to surrender the same, replevin would lie. Ranft v. Young, 21 Nev. 401, 32 Pac. 490; Anderson v. Nunan, 5 Wash. 493, 34 Am. St. Rep. 875, 32 Pac. 107; Re Walsh Bros. 159 Fed. 560.

· That portion of the judgment in the attachment suit, ordering the property in question to be sold by the sheriff to satisfy the money judgment rendered therein, was and is wholly void. The court had no jurisdiction, and such judgment, to that extent, is open to collateral attack. King v. Louden, 53 Ga. 64; D. C. Wise Coal Co. v. Columbia Lead & Zinc Co. 123 Mo. App. 249, 100 S. W. 680; Re Beals, 116 Fed. 530; Re Goldberg, 121 Fed. 581; Lehman S. & Co. v. E. Martin & Co. 132 La. 231, 61 So. 212.

The complaint in the action in which the attachment was issued contains no allegation as to the purchase price of the goods sold, nor is any issue as to that fact tendered by such pleading; nor is a judgment in such form demanded. The judgment is simply for money on a debt, and was entered by default. The plaintiff there was only entitled to such relief as he had demanded in his complaint. Sobolisk v. Jacobson, 6 N. D. 175, 69 N. W. 46; Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; Myers v. Mott, 29 Cal. 359, 89 Am. Dec. 49; Rev. Codes 1905, § 7680, Comp. Laws 1913, § 8315; Sache v. Wallace (Sache v. Gillette) 101 Minn. 169, 11 L.R.A.(N.S.) 803, 118 Am. St. Rep. 612, 112 N. W. 386, 11 Ann. Cas. 348.

BRUCE, J. (after stating the facts as above). There can be no ques-

tion that the defendant in this action can place no reliance on the lien of the attachment nor upon the judgment which was rendered in the action in which the attachment was issued. The language of § 67 of the bankruptcy act of 1898 is too clear to admit of any dispute. It expressly provides that "levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt," etc. [30 Stat. at L. 565, chap. 541]. There is no dispute that the levy and judgment were made and rendered within the time mentioned in the statute, and that said James P. Johnson was in fact a bankrupt.

The statute mentioned, however, relates merely to levies, judgments, attachments, and liens which are acquired through *legal proceedings.* It certainly does not by its terms, and in all logic and justice cannot be held, to affect contractual liens or quasi contractual liens or rights, except perhaps as to matters of procedure. "A most scrupulous care is in fact evinced throughout § 67 of the bankruptcy act of 1898 to save all rights and liens obtained in good faith from the bankrupt." See 3 R. C. L. 298.

But had the Bristol & Sweet Company, and has the sheriff now, any such lien? We think not. Plaintiff had no lien except by virtue of the levy of attachment. The Code nowhere gives a special lien to a vendor of chattels, after a delivery to his vendee, except as he may acquire such lien by the levy of an attachment or execution in an action to recover the purchase price, and that attachment being rendered null and void by the Federal statute, no such lien can be deemed to exist, or in fact to ever have existed. Northern Shoe Co. v. Cecka, 22 N. D. 631, 635, 135 N. W. 177.

Nor was the plaintiff precluded from bringing the present action by reason of the fact that he had not intervened in the action of Bristol & Sweet Company v. Johnson. That action could not, in any view of the case, be deemed to have been an action for the possession of the property, nor to try the title thereto. Not only was it fundamentally an action for

the recovery of money, and not only was the attachment merely subsidiary thereto, but the lien of the writ or warrant of attachment having been nullified by the filing of the petition in bankruptcy, nothing thereafter remained in the action and for adjudication but the money claim, and this, even if we concede that there was a personal service or appearance in the case. The plaintiff therefore could not have intervened even if he had desired. He could not turn an action for money only into an action for the recovery of personal property or to try the title thereto. Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408.

Nor was the trustee precluded from bringing the present action in the state court. It may be possible that an application to the bankruptcy court for a summary order to the sheriff to turn over the property might have been a proper remedy, but we find no statute or rule of law which in terms prescribes such a procedure, or in any way makes it exclusive.

Nor is there any merit in the contention that the sheriff held the property under the judgment of the district court and its order to sell. It is sufficient to say that it was not sold, and that the rights of no innocent third party were involved until after the lien of the attachment and the judgment had been nullified by the filing of the petition in bankruptcy. King v. Loudon, 53 Ga. 64; D. C. Wise Coal Co. v. Columbia Lead & Zinc Co. 123 Mo. App. 249, 100 S. W. 680; Re Beals, 116 Fed. 530; Re Goldberg, 121 Fed. 581; Lehman, S. & Co. v. E. Martin & Co. 132 La. 231, 61 So. 212.

Nor is there any merit in the contention that the property was still *in custodia legis,* and that therefore the present action of claim and delivery could not be maintained. "It goes without saying, that the attachment sued out by the plaintiff [Bristol & Sweet Company] was stricken with the nullity denounced by the Federal statute, and the property affected by the attachment was discharged and released from the same. Under . . . [§ 67 of the United States bankruptcy act (Act of July 1, 1898, chap. 541, 30 Stat. at L. 565)] which is the supreme law of the land. After an adjudication in bankruptcy, a state court has no jurisdiction to hold property under an attachment for any purpose." Lehman, S. & Co. v. E. Martin & Co. 132 La. 231, 61 So. 212. The defendant therefore held the property not as an officer of the law, but as an involuntary bailee or trustee,—at the will of and for the

benefit of him who was entitled to the possession thereof, and who in the case at bar was the trustee in bankruptcy.

The judgment of the District Court is affirmed.