## SUNDBACK v. GRIFFITH.

1. Where an action was commenced by a relief summons notifying the defendant that, unless he appeared and answered, plaintiff would apply to the court for the relief demanded in the complaint, and the complaint which was served with the summons set out that the notes sued upon were given by defendant for property obtained by him under false pretenses, and demanded judgment for the amount appearing to be due on the notes, that the debt was incurred for property obtained by defendant under false pretenses, and judgment in such form was duly given by the court, *held*, that it was not error in the trial court to refuse to strike out from such judgment the adjudication; that the debt was incurred for property obtained by defendant under false pretenses, upon the motion and affidavit of defendant denying the allegation of false pretenses; and that he did not defend because he did not know that such a judgment would deprive him of the right to claim additional exemptions.

2. Section 4, Art. 21, of the Constitution, declaring the right of the debtor to enjoy the comforts and necessaries of life, and exempting from forced sale a homestead and a reasonable amount of personal property, did not

repeal or supersede section 5139, Comp. Laws, refusing the right to additional exemptions as against a debt incurred for property obtained under false pretenses, or to contracts made prior to the adoption of the constitution.

(Syllabus by the Court.   Opinion filed May 24, 1895.)

Appeal from Minnehaha county court.   Hon. E. PARLIMAN, Judge.

Action to recover upon a debt incurred for property obtained under false pretenses.

Judgment for plaintiff, and defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Boyce & Boyce*, for appellant.

The statute of exemptions being for the protection of the family, a debtor cannot waive, in advance, the benefit of said statute.   Frazier v. Syas 4 N. W. 934; Kneettle v. Newcomb, 22 N. Y. 249.

*Joe Kirby*, for respondent.

To open a default the affidavits on the part of the respondent are not admissible to controvert the applicant's affidavit of merit. Griswold v. Lee, 47 N. W. 955.

KELLAM, J.   This is an appeal from an order of the county court of Minnehaha county, refusing to modify a judgment rendered by it in favor of respondent and against appellant.   The facts are these:   The summons was for relief.   The complaint, which was duly verified, alleged the making of the notes sued upon by defendant, and that, to obtain the credit and property for which they were given, defendant made certain representations as to his property, real and personal, and its value, which were believed and relied upon and induced the sale, but which were untrue.   The complaint demands judgment for the amount claimed to be due "upon a debt incurred for property obtained under false pretenses," etc.   The summons and the complaint attached were personally served on the defendant, as shown by proof of service indorsed thereon.   The defendant not answering or appearing,

proof of such default was presented to the court and filed with the clerk.   The court rendered judgment on the 21st day of January, 1893, which recited the default, and that "it further appearing, after due examination of all the evidence offered, that all the allegations contained in the complaint are true, and that the said debt was incurred for property obtained under false pretense." This judgment was "that said plaintiff have and recover judgment against the defendant for the sum of   *   *   *   upon a debt incurred for property obtained under false pretenses," etc.   In August following, an execution was issued and levied upon property which defendant claimed as exempt.   Subsequently, and on the 26th day of December, 1893, defendant moved the court to modify said judgment "by striking out so much thereof as determines 'that the debt was incurred for property obtained under false pretense' so as to permit the defendant to claim his exemptions against said judgment and the execution issued thereon." This motion was made upon the judgment roll and the affidavit of the defendant.

Without noticing at length the contents of defendant's affidavit, which was generally to the effect that defendant's statements as to the value of his property were true, but that, if exaggerated, they were harmless, as plaintiff's agent himself knew the property and its value, and that defendant was ignorant of the statutory effect of a judgment upon a debt incurred under false pretenses, and for that reason did not resist the entry of the judgment asked for in the complaint, it is sufficient to say that defendant was certainly not entitled, as matter of right, to the relief asked nor do we think that we ought to say that the trial court misused its discretion in refusing such relief.   The summons and complaint particularly notified defendant that the plaintiff claimed that the debt was fraudulently incurred, and that, if he did not appear and answer, the court would be asked to render against him, not only a judgment for the amount claimed, but that the debt was "incurred for property obtained under false pretenses."   While it is sometimes a hard rule to apply that every man is charged with a

knowledge of the law, it would be going much too far the other way to hold that a defendant might get rid of a judgment which he did not resist by showing that he was ignorant of the existence of a statute of the state, and so did not understand the legal effect of a judgment which he had in a manner consented to. In Chase v. Swain, 9 Cal. 130, it was held that it was no ground for setting aside a judgment by default that the defendant was ignorant of the law requiring him to answer in 10 days. As announced by this court in Oil Co. v. Lee (S. D.) 47 N. W. 955, we are in favor of a liberal exercise by the trial courts of their power to allow amendments and relief from judgments, in the interest of justice, but this does not seem to us to be a meritorious case. It would be but little more extreme for a defendant to ask to be relieved from a judgment upon the ground and upon a showing that he did not resist the judgment because he did not know that the statute allowed the issue of an execution for the enforcement of the judgment. We also think that the court was right in refusing to modify the judgment as asked "by striking out so much thereof as determines 'that the debt was incurred for property obtained under false pretense.'" This question had already been adjudicated in favor of the plaintiff. To strike it out of the judgment would, in effect, reverse its former decision, and determine the same question in favor of the defendant, not as the result of a trial, but upon the simple affidavit of the defendant.

A second ground upon which a reversal of this order is urged is that section 5139, Comp. Laws, which provides that "no exemptions, except the absolute exemptions shall be allowed any person against an execution or other process issued upon a debt incurred for property obtained under false pretenses," is inconsistent with, and was therefore repealed by, section 4, art. 21, of the state constitution, which is as follows: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws; exempting from forced sale a homestead, the value of which shall be limited by law, to all heads of families, and a reasonable amount of personal property the kind and value of which

to be fixed by general laws." The debt upon which the judgment in this case was rendered was incurred in 1885, long before the adoption of the state constitution, and while said section 5139 was in unquestioned force. It is a much-discussed question how far a constitution or a statute of a state can enlarge exemptions, as against a prior debt, without impairing the obligation of the contract. In Edwards v. Kearzey, 96 U. S. 607, the court says: "The remedy subsisting in a state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the state which so effects that remedy as substantially to impair and lessen the value of the contract is forbidden by the constitution, and is therefore void." See, also, Thomp. Homest. & Ex. § 9 et seq. In his work on Constitutional Limitations (page 380), Judge Cooley says that exemptive laws may be modified as to previous contracts up to the point of substantial impairment of the remedy, though in some cases it has been held that no enlargement of exemptions can constitutionally be made applicable to prior contracts. See Johnson v. Fletcher, 54 Miss. 628, and the Homestead Cases, 22 Grat. 294. Adopting the first view, which seems to us the reasonable and prevalent one, it seems plain that the constitutional provision cited ought not to be held to apply to debts contracted prior to its adoption. The effect of that provision, considered as a repeal of section 5139 of the Compiled Laws, would be to withdraw from the reach of a creditor whose debt was contracted by means of a false pretense all the property of the fraudulent debtor known as additional exemptions,—property which was liable for such debt when the contract was made, and which in such case would ordinarily constitute the larger portion of the debtor's property. The effect would, of course, be to enlarge to that extent the debtor's exemption, and not only to impair, but to actually destroy, in all cases where the question of exemptions is a practical one, the value of the creditor's contract, and his remedy under it. The policy of the legislature upon this question is indicated by the fact that the law which it passed at

its first session to carry out the constitutional provision cited expressly left the prior exemption law in force as to then existing contracts. Being satisfied that the constitution did not repeal said section 5139, Comp. Laws, as to previously existing contracts, we do not discuss the question of its general effect upon such section. The order appealed from is affirmed.