## Paxton & Gallagher Co. v. McDonald.

Since Rev. Code Civ. Proc. § 364, allows a debtor nothing but absolute exemptions against an execution on a debt incurred for property obtained by false pretenses, where in an action for the purchase price of goods it was found by the court that the goods were obtained by false pretenses the decision and judgment should have recited that fact.

Haney, J., dissenting.

(Opinion filed June 8, 1904.)

Appeal from circuit court, Pennington county; Hon. Levi McGee, Judge.

Action by the Paxton & Gallagher Company against Albert C. McDonald. From a judgment in favor of plaintiff granting insufficient relief, it appeals. Reversed and remanded, with direction that the decision and judgment of the court be made to conform to the evidence and findings of fact.

*Martin & Mason* and *Fred H. Whitfield*, for appellant.

Fuller, J. Whether the debt made the basis of this action was incurred for property obtained under false pretenses appears to be the only contested issue presented by the pleadings, and the court before whom the trial was had without a jury found squarely in the affirmative, but refused to incorporate into its conclusions of law or judgment a recital to that effect, and plaintiff appeals. It conclusively appears that a false property statement was intentionally made by respondent for the purpose of obtaining credit from appellant, whereby its officers were deceived, and induced to sell the merchandise to recover for which this action was instituted. Only absolute exemptions being allowed a person against an execution issued upon a debt incurred for property obtained under false pre-

tenses, it was important to appellant to have the judgment contain the recital contended for.   In the absence of oral argument or a brief on the part of respondent, it can only be surmised that the court declined to conform its conclusions of law and judgment to the findings of fact for the purpose of enabling respondent to claim the exemptions of an ordinary debtor, and thus avoid the effect of section 364 of the Revised Code of Civil Procedure, which allows such debtors nothing but absolute exemptions.   In the case of Sundback v. Griffith. 7 S. D. 109, 63 N. W. 544, a recital in a default judgment that the debt was incurred for property obtained under false pretenses was sustained, and it was held that to eliminate such clause would amount to a reversal of the judgment.   The action of the trial court is therefore disaffirmed, and the case remanded, with the direction that its decision and judgment be made to conform to the evidence and findings of fact by the insertion of the recital that "the debt was incurred for property obtained under false pretenses."

HANEY, J., dissents.