## JEWETT BROS. & JEWETT V. BENTSON.

In an action on an account rendered and stated for goods sold and delivered by the plaintiff to the defendant, allegations of a separate paragraph of the complaint, denied by the answer, that the debt was incurred for property obtained under false pretenses made by the defendant to plaintiff, and by reason whereof plaintiff was induced to extend credit to the defendant which it would otherwise not have done, present issuable facts; and hence it is error to reject evidence offered by plaintiff on the ground that no evidence was admissible on behalf of plaintiff in such action.

HANEY, J., dissenting.

(Opinion filed December 7, 1904.)

Appeal from Minnehaha county court; Hon. D. R. BAILEY, Judge.

Action by Jewett Bros. & Jewett against M. R. Bentson.

From a judgment for defendant, plaintiff appeals. Reversed.

*Joe Kirby,* for appellant.

*Boyce & Warren,* for respondent.

CORSON, P. J.   This is an appeal from a judgment entered in this action upon a directed verdict, and order denying a new trial. In order to a full understanding of the question presented it will be necessary to set out the pleadings quite fully.

The action was instituted by the plaintiff to recover the sum of $477.75, alleged to be due from the defendant "upon account rendered and stated for goods, wares, and merchandise sold and delivered by the plaintiff to the said defendant at his request." The third paragraph of the complaint is in substance as follows: That said debt was incurred for property obtained under false pretenses made by said defendant to the plaintiff, and by reason whereof said plaintiff was induced to extend credit to said defendant, which it otherwise would not have done, and plaintiff demanded judgment for the said sum and costs and disbursements in the action. To this complaint the defendant filed an amended answer, in which he denied each and every allegation, matter, and thing in said complaint contained, not thereinafter expressly admitted; and the defendant, in the second paragraph of the answer, admits that "he was indebted to the plaintiff in the sum of $477.75 upon an account rendered and stated for goods, wares, and merchandise sold and delivered to the defendant as set forth in paragraph 2 of the complaint." And the defendant for a second and separate defense alleged that after the commencement of the action, and on the 28th day of February, 1901, he filed his peti-tion in the United States District Court for the District of

South Dakota, praying that he be adjudged a voluntary bankrupt by said court, and thereafter such proceedings were duly taken and had in said bankruptcy matter that within one year from and after the date of the said adjudication this defendant duly filed his petition in said court for a discharge from his debts, and that thereafter, on the 27th day of February, 1902, a discharge was duly made and entered by said District Court, wherein and whereby the defendant was discharged from all debts and claims which were provable, under the bankruptcy act, against his estate, including said claim of plaintiff; that duly certified copies of the judgment and discharge were annexed to and made a part of the answer. It is further alleged in the answer that the said debt and claim sued upon by the plaintiff, and set forth in paragraph 1 of the complaint, was incurred prior to the said 28th day of February, 1901, and that the claim and cause of action set forth by the plaintiff in its complaint is barred, discharged, and released by the said discharge of this defendant in said bankruptcy proceedings as aforesaid. It is further alleged that, at the time the action was instituted, a warrant of attachment against the property of the defendant was duly and regularly issued on the ground that "said debt was incurred for property obtained under false pretenses"; that under this warrant of attachment the sheriff, on the 18th day of February, 1901, attached merchandise of the defendant of the value of $642.88; that on the 23d day of February the defendant served on the sheriff a verified schedule purporting to contain all his personal property, being the same property which the sheriff had seized, and claimed the same as exempt from the levy made by the sheriff; and that on March 5th the sheriff made out a return on said war-

rant, with inventory of all property which he had attached, and stating that he had released, as exempt to the defendant, all of the property except that which plaintiff claimed to be held for the purchase money due thereon.

It appears from the abstract that the following proceedings were had on the trial: D. C. Jewett was called and sworn as a witness on behalf of the plaintiff. The defendant thereupon objected to the introduction of any evidence on the part of the plaintiff, for the reason that the cause of action set forth in the complaint is an action upon contract for goods sold and delivered upon an account rendered and stated, and that any evidence is irrelevant, incompetent, and inadmissible under the pleadings, which objection was sustained by the court, to which ruling the plaintiff duly excepted. There was a further objection, but in the view we take of the case it is not necessary to set it out in this opinion. It appears from the record that, there being no further proceedings taken by the plaintiff in the action, the defendant offered certain exhibits and rested. Thereupon a judgment was directed in favor of the defendant.

It is contended by the appellant that sustaining defendant's objection to the introduction of any evidence under the complaint, and refusing to receive any evidence thereunder on the part of the plaintiff, was error, for the reason that the debt sued on is alleged in the complaint to be a debt contracted for property obtained under false pretenses, and, that paragraph in the complaint being denied by the answer, it was competent for the plaintiff to introduce evidence in support of the same, and that, having made the allegation in its complaint, it was entitled to prove the same as a part of its case before the defendant could introduce any evidence in support

of its defense.   It is contended by the defendant that the matters alleged in the third paragraph of the complaint, to the effect that the said debt was incurred for property obtained under false pretenses, were mere matters of inducement, and were not issuable, and could not be tried in the action, and such allegation was no part of the cause of action upon the contract for goods sold and delivered, as stated in the second paragraph of the complaint.   We are of the opinion that the contention of the defendant is untenable, and that the contention of the appellant states the rule applicable to such a case correctly.   This court held, in effect, in Sundback v. Griffith, 7 S. D. 109, 63 N. W. 544, that such an allegation in the complaint was proper, and that a judgment based upon such an allegation was a proper judgment, and that the court properly refused to strike out the portion of the judgment adjudging that the debt was incurred for property obtained by defendant under false pretenses.   The same view was taken by this court in Paxton & Gallagher Co. v. McDonald, 99 N. W. 1107, and it may be regarded as settled in this court that such an allegation in the complaint is proper, and that its denial by the answer presents an issue properly determinable by the court.   It is clear, therefore, that the court, in sustaining the objection of the defendant to the admission of any evidence under the complaint, erred.   It is true the plaintiff might have been entitled to recover a judgment for the amount claimed to be due under the complaint; but as the plaintiff had distinctly averred in its complaint that the debt was "incurred for property obtained under false pretenses made by said defendant to the plaintiff, and by reason whereof said plaintiff was induced to extend said credit to said defendant, which it otherwise would

not have done," the plaintiff was entitled to introduce its evidence in support of this allegation. While it is not disclosed by the record what evidence the plaintiff proposed to introduce, or what facts it expected to prove, by the testimony of the witnesses offered, yet the objection and rule of the court effectively precluded the plaintiff from introducing any evidence whatever, and was based evidently upon the theory of the learned court that the third paragraph of the complaint stated no material or issuable facts, and hence that the denials in the answer by the defendant did not raise any issue to be determined by the court in this action. Taking this view of the case, it will not be necessary to discuss or determine on the appeal other questions presented by briefs of counsel, for the reason that upon another trial, if the plaintiff should introduce evidence sustaining the third paragraph of its complaint, a different question would arise under the bankruptcy law of the United States.

Counsel for respondent have called our attention to the case of Griffith v. Hubbard, 9 S. D. 15, 67 N. W. 850, decided by this court, as sustaining their position that the third paragraph of the complaint alleges matters foreign to the complaint and not issuable in this action, but in our view that case is not analogous to the case at bar. That case involved the question of arrest and bail, in which the proceedings are regulated by statute, and the language of the court in that case must be construed with reference to the case then before the court.

The judgment of the county court is therefore reversed, and a new trial ordered.

HANEY, J., dissents.