## JEWETT BROS. & JEWETT v. BENTSON.

Under Bankr. Act. July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], providing that a discharge in bankruptcy shall release bankrupt from all provable debts, except such as are judgments in actions for fraud or were created by his fraud while acting as an officer or in a fiduciary capacity, a debt created by the fraud of bankrupt acting in his individual capacity, not having been reduced to judgment, is released by his discharge in bankruptcy.

(Opinion filed, Nov. 1, 1905.)

Hon. D. R. Bailey, Judge.

On rehearing. Affirmed.

For former opinion, see 18 S. D. 575, 101 N. W. 715.

CORSON, J. This case was decided at a former term of this court, and the opinion is reported in 18 S. D. 575, 101 N. W. 715, and the facts are quite fully stated in the opinion. A petition for rehearing was granted, and the case is now before us on the rehearing.

At the time the opinion of this court was handed down our attention had not been called to the case of Crawford et al v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, decided by the Supreme Court of the United States at about that time, in which that court in an exhaustive opinion gave a construction to the provisions of section 17 of the bankruptcy act, and in which it held that "only such debts created by the fraud of a bankrupt as were so created while he was acting as an officer or in a fiduciary capacity are excepted from the operation of a discharge in bankruptcy by Act July

1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428],"
except the same had been reduced to a judgment prior to the discharge in bankruptcy proceedings. And in the course of its opinion that court says: "The only federal question involved in the case is whether the Supreme Court of Illinois gave the proper effect to the discharge pleaded by the defendants. If plaintiff's claim was not a provable debt, or was expressly excepted from the operation of the discharge, the decision of that court was right; but, if it was covered by the discharge, such discharge was a complete defense. Section 17 of the bankruptcy act of 1898 contains, among other things, the following provisions: 'Sec. 17. A discharge in bankruptcy shall release the bankrupt from all his provable debts, except such as * * * (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or by willful and malicious injuries to the person or property of another, * * * or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer, or in any fiduciary capacity.' 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3428]. * * * The fact that the second subdivision of section 17 excepted from the discharge 'all judgments in actions for frauds, or of obtaining property by false pretenses, or false representations,' indicates quite clearly that, as to frauds in general, it was the intention of Congress only to except from the discharge such as had been reduced to judgment, unless they fall within the fourth subdivision of those created by the fraud, embezzlement, misappropriation, or defalcation of the bankrupt while acting as an officer or in a fiduciary capacity. Unless these words relate back to all the preceding words of the subdivision, namely, the frauds and embezzlements, as well as misappropriations or defalcations, it results that the exception in subdivision 2 of all judgments for fraud is meaningless, since such judgments would be based upon a fraud excepted from discharge by subdivision 4, whether judgment had been obtained or not."

In the case at bar the action had been commenced and was pending at the time the defendant's petition in bankruptcy was filed and his discharge obtained, but no judgment had been entered therein. Therefore the defendant's discharge in bankruptcy constituted

a conclusive bar to the action, and the direction of the verdict by the county court was clearly right. The former decision of this court was based mainly upon alleged errors in practice, but in view of the decision of the Supreme Court of the United States in the case above cited the question of practice was immaterial, and this court was in error in reversing the decision of the court below upon the grounds stated in the opinion, as in view of the conclusiveness of the defendant's discharge in bankruptcy. The proceedings in the county court, even though erroneous, did not constitute reversible error, and the judgment of the county court, therefore, should have been affirmed. This court in adopting the construction given to section 17 of the bankruptcy act by the Supreme Court of Illinois in Crawford v. Burke, supra, and by the Appellate Division of the First Department of the Supreme Court of New York (75 N. Y. Supp. 40), and affirmed by the Court of Appeals of that state in 175 N. Y. 501, took a view of the statute in direct conflict with the decision of the Supreme Court of the United States above referred to, and, as the construction given to a United States statute by the Supreme Court of the United States is binding upon this court, the construction of the bankruptcy act given by that court is controlling in this court. The opinion of this court, therefore, in so far as it in effect held that the plaintiff's action might be maintained, notwithstanding the defendant's discharge in bankruptcy, is disaffirmed, and the judgment of the county court and order denying a new trial are affirmed.

HANEY, J. (concurring specially). I concur in the conclusion that defendant's discharge in bankruptcy constituted a complete defense to the plaintiff's cause of action, and that the judgment of the county court should be affirmed. But, as upon the former hearing, I dissent from the view there expressed by the majority of the court, and now reaffirmed to the effect that the allegations regarding false pretenses were properly included in the complaint.