## JEFFRIES v. BARTLETT and another.[1]

*(Circuit Court, N. D. Georgia.  March, 1884.)*

BANKRUPTCY JURISDICTION—EXEMPTED PROPERTY.

When exempted property is designated and set apart to the bankrupt, under the orders of the bankruptcy court, as such property does not pass to the assignee, and does not further concern the court nor the estate, the court has not jurisdiction to defend such property from adverse liens that may or may not be extinguished by the bankruptcy.

Appeal in Equity.

*Boyton, Harrison & Peeples,* for plaintiff.

*Bartlett & Hoke Smith* for defendant.

PARDEE, J.  The suit was instituted in the district court for an injunction to restrain the defendants from executing an old judgment lien against the homestead property set off to plaintiff by his assignee in bankruptcy, in the bankruptcy proceedings *Ex parte Jeffries,* pending then and now in the district court.  A temporary injunction was issued by the district court on the bill and exhibits in 1879, and was dissolved on the same showing, except in an unimportant particular, March 7, 1883.  The case is brought up to review the correctness of this last order.

The case made by the bill and exhibits is this:   October 28, 1861, the defendant Bartlett obtained in the Jasper county superior court a judgment against complainant for the sum of $1,000 and costs, which judgment is unsatisfied.   May 24, 1873, complainant was adjudged a bankrupt on his own petition by the order and judgment of the United States district court for this district, and an assignee was duly appointed, and in due course said assignee, under section 5045, Rev. St., duly set off to complainant certain lands described as a homestead and exemption under the Georgia law, on which lands complainant, who is the head of a family, now resides; that thereafter, in 1874, complainant applied for a discharge in bankruptcy, but several creditors filed oppositions thereto, and the matter of discharge is still pending; that the defendant Bartlett, though duly notified, never proved his debt nor appeared in the bankruptcy proceedings; and that in December, 1878, he sued out a writ of *fieri facias* on the judgment aforesaid, in the superior court of Jasper county, and levied on, and will proceed to advertise and sell, the homestead exemption so set off, aforesaid, and also 100 acres of the same tract which complainant had transferred to certain lawyers named, to pay costs and attorneys' fees in bankruptcy.

By the law of Georgia existing at and before the homestead exemption law of Georgia, and prior to the bankruptcy law of 1867, it seems that the said judgment was a lien upon the land aforesaid at

the time complainant was adjudicated a bankrupt, and unless the lien has been discharged by the bankruptcy proceedings, it is still in full force. The injunction sought was to restrain the defendant Bartlett from executing his lien upon the property aforesaid until the question of complainant's discharge in bankruptcy should be decided, and in the event of the discharge being granted, to perpetually enjoin the execution of the judgment.

Three grounds are assigned in the motion to dissolve the injunction: (1) Because the same matter was brought into controversy between substantially the same parties by a bill filed June 26, 1873, on which an injunction was granted June 26, 1873, which injunction was dissolved on the merits, which dissolution was and is an adjudication of all the questions in controversy; (2) because there is no equity in the bill; (3) because, if there ever was equity sufficient to uphold the grant of an injunction, the same was dependent upon the element of time, and ample time has long since elapsed within which to settle the question of the bankrupt's discharge, and the said question has been left open, and is still open, by reason of his failure to prosecute his application with due diligence.

The district court dissolved the injunction, because it was of opinion that, sitting as a court of bankruptcy, it had no jurisdiction "to interfere with the dispute or controversy between the parties as to whether or not the exemption set aside to the bankrupt by the assignee is subject to the lien of the defendant's judgment."

There is nothing in the record in this court to show any previous litigation between the parties on the subject-matter involved, and the questions for decision are (1) that stated in the order of the district court, brought up for review, to-wit, is the controversy within the jurisdiction of the bankrupt court? and (2) is the case one for the exercise of equitable remedies?

By the terms of law, (Rev. St. § 5045,) "these exceptions shall operate as a limitation upon the conveyance of the property of the bankrupt to his assignee; and in no case shall the property hereby excepted pass to the assignee, *or the title of the bankrupt thereto be impaired or affected by any of the provisions of this title;* and the determination of the assignee in the matter shall, on exception taken, be subject to the final decision of the said court."

From this it would seem that the jurisdiction of the bankruptcy court begins and ends in regard to excepted or exempted property in reviewing and controlling the assignee in designating and setting apart such property, and that property designated and set apart does not pass to the assignee, nor is it subject to be administered by the court as a part of the bankrupt estate. See Bump, (7th Ed.) 144, and Id. 465 *et seq.*, for cases cited. If such exempted property can be said to be brought into the bankrupt court at all, then, when it has been designated and set apart by the assignee, it has been administered, and has passed out of the possession and control of the court.

After property has been administered upon by the bankruptcy court and disposed of, and neither the assignee nor the creditors have any further interest therein, the bankruptcy ought not to stand as a warrantor, and by injunctions protect the property from assaults in other courts at the suit of persons who may claim liens thereon or title thereto. See *Adams* v. *Crittenden*, 4 Woods, 618; S. C. 17 FED. REP. 42.

The general jurisdiction of the district courts, as courts of bankruptcy, is determined by section 4972, Rev. St., which provides that it shall extend (1) to all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy; (2) to the collection of all the assets of the bankrupt; (3) to the ascertainment and liquidation of the liens and other specific claims thereon, (on the assets of the bankrupt;) (4) to the adjustment of the various priorities and conflicting interests of all parties; (5) to the marshaling and disposition of the different funds and assets, so as to secure the rights of all parties, and due distribution of the assets among all the creditors; (6) to all acts, matters, and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy. This extensive jurisdiction undoubtedly includes everything necessary to settle, administer, and distribute the estate of the bankrupt, but does not go so far as to extend to controversies, although against the bankrupt, with which the court, nor the assignee, nor the creditors before the court, have any concern. Outside of protecting the estate of the bankrupt, and, in some cases, the person of the bankrupt, the bankruptcy court cannot interfere with proceedings in other tribunals, although the matters in controversy depend upon the regularity, force, and effect of proceedings had in the bankruptcy court. If property has been sold by order of the bankrupt court, the purchaser will not be protected from suits by parties claiming adverse liens, or adverse title. If a bankrupt receives his discharge, and suits are prosecuted against him on discharged debts, the bankruptcy court cannot interfere. And so, I think, that when exempted property is designated and set apart to the bankrupt under the orders of the bankruptcy court, as such property does not pass to the assignee, and does not further concern the court nor the estate, the court has not jurisdiction to defend such property from adverse liens that may or may not be extinguished by the bankruptcy.

For these reasons I am disposed to concur with the district judge in the opinion that the court has no jurisdiction to determine the controversy. There would be no doubt on this point if the complainant had received or been refused his discharge, and the bankruptcy proceedings in this case had been closed. And that the question of his discharge is not determined, and his case in bankruptcy wound up, appears to be the result of his own negligence. His application for

discharge was made in 1874, and opposition made thereto in March of that year, and action thereon has been postponed and continued for now 10 years, and no excuse is shown or suggested for this delay. The bill seems to be without equity, and its further retention in the district court, even if the court had jurisdiction, would work hardship to the defendants, who are entitled to have an adjudication of their rights under their lien, which is now over 20 years old.

The order of the district court will be affirmed.