CHARLES M. TAYLOR, Plaintiff and Respondent, *v.* THOMAS C. RICE, Defendant and Appellant.

**1. Action to Recover Attached Property Claimed to be Exempt; Debt Incurred Under False Pretenses.**

In an action of claim and delivery, brought against a sheriff, the defendant justified his seizure and detention of the property under two certain writs of attachment in his hands against the property of plaintiff; and, anticipating that plaintiff would claim such property exempt from seizure under the general exemption law of the state, defendant alleged, further, that the debts sought to be recovered in the actions in which the attachments were issued were debts incurred by plaintiff under false pretenses, setting forth such false pretenses. *Held* a good defense, under § 5139, Comp. Laws. *Held, further*, that the refusal of the court to allow defendant to prove the false pretenses as alleged was reversible error.

(Opinion Filed April 1, 1890.)

*A*PPEAL from district court, Dickey county; Hon. RODERICK ROSE, Judge.

Action by Charles M. Taylor against Thomas C. Rice in claim and delivery. Verdict and judgment for plaintiff. Motion for new trial overruled, and defendant appeals.

*E. P. Perry* for Appellant; *Messrs. Thomas & Davis* of Counsel.

No brief or argument for respondent.

BARTHOLOMEW, J. This was an action known under our statute as claim and delivery, and was commenced December 9, 1887. Plaintiff claimed to be the owner and entitled to the immediate possession of certain personal property valued at $1,000, which he alleged defendant wrongfully detained after proper demand made. Defendant answered, in substance, that he was sheriff of Dickey county, Dakota territory; that as such sheriff he received for service two certain writs of attachment against the property of plaintiff, one for the sum of $94.65, in favor of

James Winsley, and one for $82.60, in favor of Randall Bros.; that under and by virtue of said writs he seized the property in question as the property of plaintiff, to satisfy the judgments that might be rendered against the plaintiff herein, in the actions in which said writs of attachment were issued; that the action in favor of James Winsley was commenced in the district court of said county on November 25, 1887, and the attachment in that case was levied on November 26, 1887; that the action in favor of Randall Bros. was commenced in justice's court in said county on December 5, 1887, and the attachment therein was levied the same day. Defendant further alleged that the debt due from plaintiff herein to James Winsley was incurred for property obtained by said plaintiff from said Winsley by false pretenses; that plaintiff falsely and fraudulently represented to Winsley that he had a large ranch, consisting of over 100 head of cattle, 200 tons of hay, and a number of head of horses, and other property far in excess of his liabilities and exemptions, and was solvent; that said Winsley relied upon said representations, but that the same were false, and were so known to be false by plaintiff when made. The same allegations were repeated as to Randall Bros. It was alleged as to both claims that when plaintiff received the goods from said parties he promised in each case to pay for said goods, without any intention of performing his said promises. The reply admitted the regularity of the attachment proceedings in each case, and admitted the levies, but alleged that plaintiff served upon defendant notice that he claimed all of said property as exempt from seizure under attachment, together with a duly verified schedule of his assets; that an appraisement was accordingly had of his said assets; and that the value thereof, as appraised, did not reach the limit of exemptions allowed by law; and that, after such appraisement was returned to defendant, plaintiff demanded said property so attached, and defendant refused to surrender the same. The reply denied the fraud and false pretenses as set up in the answer.

Subdivision 3, § 4995, Comp. Laws, gives, as one of the grounds of attachment in this state, "that the debt was incurred for property obtained under false pretenses." Section 5139, Comp. Laws, reads as follows: "No exemptions, except the ab-

solute exemptions, shall be allowed any person against an execution or other process issued upon a debt incurred for property obtained under false pretenses." § 5127 defines absolute exemptions. None of the property here involved is claimed. under that head. Plaintiff proved his ownership, and the value of the property, and his claim of exemptions and appraisement as alleged, and his damages, and rested his case. Defendant then placed a member of the firm of Randall Bros. on the stand, and made the following offer: "We propose and offer to prove now, by the witness Lovell I. Randall and other witnesses, that when the goods were obtained from Marcellus E. Randall and Lovell I. Randall, as copartners, by the plaintiff in this action, upon which the attachment was issued, that he represented to Randall Bros., at that time, in order to obtain the credit, that he owned a ranch in the hills west of here, consisting of over 100 head of cattle, 200 head of horses, and other property; that he had a farm near Casselton, and owned a large amount of property there, and that he had a large crop, consisting of 7,000 bushels of wheat—that is growing or harvested—and that he was solvent, and abundantly able to pay; that upon these representations these parties sold to him goods—Messrs. Randall Bros. to the amount of $84, and James Winsley to the amount of $94; that all of these representations were false. We offer to piove that he then was not worth anything; that he had no property of his own but what was incumbered, and that he obtained these credits through these representations; that they relied upon these representations in extending to him these credits. These things we now offer to prove in this case, if we are allowed to. And, further, that, according to his representations, at that time he owned a large amount of personal property over and above his liabilities and exemptions, and we offer to prove the same facts in relation to the claim of James Winsley against the plaintiff in this case." The record then recites: "By the court. Offer refused." "Exception entered by the defendant to the refusal of the court." Defendant introduced some evidence on the point that the notice of claim of exemptions was not given within the statutory time. When defendant rested, the court, on plaintiff's re-

quest, directed the jury to return a verdict for plaintiff, leaving them to find the value of the property and the damages, which the jury accordingly did.  Counsel for appellant in their brief in this case say that the only point relied upon is the refusal of the court to permit the defendant to introduce the offered proof. As respondent has filed no brief, and made no appearance in this court, we have nothing to indicate to us, in the slightest degree, the ground upon which the court below based its decision.  It does not appear that plaintiff made any objection, general or specific, to the proposed testimony.  Defendant attempted to set forth facts in his answer which, if true, were a legal justification of his possession and detention of the property.  We think those facts were sufficiently pleaded.  Stanhope v. Swafford, 42 N. W. Rep. 450.  At any rate, the answer was in no manner attacked by plaintiff.  On the contrary, he joined issue, by reply, with the allegations of the answer under which defendant justified.  Defendant had the burden of proof as to such allegations.  The offered testimony certainly tended to prove these facts.  It was not necessary, before such facts could be shown, that they should have appeared in the writs under which defendant justified.  Rogers v. Brackett, 34 Minn. 279, 25 N. W. Rep. 601.  It may be that defendant had levied upon property largely in excess of what he should have taken under his writs, but that question is not in this case.  As this record is presented to us, we must reverse this case, and order a new trial.  Reversed.  All concur.