## ALBERT H. SOBOLISK *vs.* CHARLES A. JACOBSON.

Opinion filed November 12th, 1896.

**Res Judicata—Action on Contract—Extraneous Issues.**

> A defendant in an action on contract is under no obligation to litigate in that action the extraneous issue whether the debt sued on was incurred for property obtained under false pretenses. Accordingly, *held*, that when, in an action of that character, the complaint embodied allegations of facts relating to false pretenses, and the judgment by default adjudged that the debt on which the judgment was rendered was incurred for the property obtained under false pretenses, such judgment was no evidence whatever as to the fact of false pretenses, in an action brought by the defendant in the judgment against the sheriff for seizing exempt property, such property not being exempt as against a judgment founded on a debt incurred for property obtained under false pretenses. The question of false pretenses must be litigated as a fact in the action brought by the owner of the property against the sheriff.

Appeal from District Court, Walsh County; *Sauter*, J.

Action by Albert H. Sobolisk against Charles A. Jacobson, sheriff. From a judgment for defendant, plaintiff appeals.

Reversed.

*H. A. Libby*, for appellant.

*Gray & McMurchie*, for respondent.

CORLISS, J. Plaintiff is seeking to recover the value of personal property seized by the defendant, as sheriff, under an execution against the plaintiff. The property levied upon by the sheriff was claimed by the plaintiff as his alternative exemptions under the statute. The only question before us is whether the debt on which the judgment on which the execution was issued was founded was a debt incurred for property obtained under false pretenses. If it was, the plaintiff cannot claim the property seized as exempt. Section 5526, Rev. Codes. On the other hand, if it was not, then the property levied on was exempt from seizure, and the defendant was guilty of a conversion of it. On the trial the defendant offered no evidence of the fact that the debt was incurred for property obtained under false pretenses, except the judgment roll in the action brought by the plaintiffs

in the execution against the plaintiff herein to recover judgment for the amount of their claim. The action was upon a promissory note. The complaint contained averments to the effect that in contracting the debt for which the note was given the defendant in that case (the plaintiff in this action) was guilty of false pretenses. The prayer for relief was simply a demand for a money judgment for the amount due on the note. Judgment in that action was rendered by default. It is now insisted—and this was the contention below—that the question of false pretenses was forever set at rest by the judgment so rendered, such judgment in terms adjudging that the debt for which such judgment was rendered was a debt incurred for property obtained under false pretenses. The trial court sustained the position of counsel for defendant, and directed a verdict in his favor. In so doing we think that a fatal error was committed. We are unable to discover on what principle the judgment in that action can be regarded as *res adjudicata* on the question of false pretenses. That question was extraneous to the cause of action sued on, and therefore the allegations relating to it were not properly inserted in the complaint. A defendant cannot be forced by his antagonist to contest every issue which his caprice may embody in the pleading. Only those matters which the law contemplates shall be investigated in that particular case can be forced upon the defendant, to be litigated by him. Generally speaking, these are only such matters as are connected with the cause of action. True it is that the legislature may require the defendant to anticipate future litigation, and take issues upon questions foreign to the claim in controversy. That body might have declared that the question of false pretenses should be tried, and forever set at rest, in the action to recover judgment on the debt. But it has not enacted any such law. It has merely provided that the fact that the debt was incurred for property obtained under false pretenses shall be fatal to the claim of alternative exemptions, leaving that question of fact to be tried in the ordinary way when it becomes an issue important to be settled. Before there has

been a levy on the property followed by the claim of exemptions, it cannot be known whether the fact of false pretenses will ever become the subject of judicial investigation. The judgment may be paid. The plaintiff may seize property not exempt under any circumstances. Very explicit language should be required to satisfy a court that the legislature intended that in an action upon contract the defendant should be compelled to litigate an issue utterly foreign to the cause of action, and one which might never become such an issue between the parties as would affect their respection rights. The case of *Hall* v. *Harris*, (S. D.) 46 N. W. Rep. 934, is cited. It is not in point. No such question as the one here involved was before the Supreme Court of South Dakota in that case. The doctrine there enunciated was not that, under circumstances similar to those in the case at bar, the defendant must defend himself against the charge of false pretenses, but merely that, having been heard on that question on a motion to dissolve an attachment, it was *res adjudicata* in an action against the sheriff for the conversion of the property seized by him under the attachment; the action being founded on the theory that the property attached was exempt, and the claim to exemption being defeasible by proof of false pretenses in the incurring of the debt sued on. We would hesitate long before holding that a defendant cannot attack an attachment, based on the ground that he has been guilty of false pretenses in contracting the debt for which he is sued, without incurring the risk of being deprived of his constitutional right to a jury trial of that issue when he sues the sheriff for seizing his property on the theory that it is exempt from seizure under judicial process. This court particularly guarded against committing itself to such a doctrine in *Bank* v. *Jennings*, 4 N. D. 228, 59 N. W. Rep. 1058. In the case we said: "Of course, the decision on the motion to dissolve the attachment might not, in all cases, affect the decision of the same question of fact when involved in another action." In distinguishing the South Dakota decision from the case at bar, we do not wish to be

regarded as expressing our approval of the ruling of that court in that case. There the question was as to the effect in another action of the litigation of a matter of fact which the law required the defendant to litigate as a condition of securing the dissolution of the attachment issued against his property. Here the question is whether the defendant was bound at all to anticipate the future, and litigate an extraneous question in an action upon contract to recover money. We are clear that he was not bound to take issue with the plaintiff in that case on that point, or to pay any attention to the allegations to the complaint relating to it. See *Rogers* v. *Brackett*, (Minn.) 25 N. W. Rep. 601. See, also, *Taylor* v. *Rice*, 1 N. D. 72, 44 N. W. Rep. 1017. Having reached this conclusion, it is too obvious to require elucidation that the judg- by default in that action is neither conclusive nor *prima facie* evidence on the question of false pretense. 2 Black. Judgm. pp. 618, 619; *People* v. *Johnson*, 97 Am. Dec. 770; 21 Am. & Eng. Enc. Law, 203; *Woodgate* v. *Fleet*, 44 N. Y. 13; *Tams* v. *Lewis*, 42 Pa. St. pp. 402-411.

It is urged that the defendant was protected, as sheriff, in holding the property claimed as exempt, for the reason that the execution under which he seized the property recited that the judgment on which it was issued was rendered for a debt incurred for property obtained under false pretenses. But the sheriff was bound to know that there was no authority under the law for settling this question in the action on the note, and also that there was no warrant for the insertion of such a recital in the execution. The doctrine which protects a sheriff who is acting under process fair upon its face has no application to a case of this character. As well might a sheriff claim protection against a defendant's claim for exemption from a recital in the execution he holds that the defendant is not a resident of that state, a nonresident not being allowed exemptions. The case of *Sundback* v. *Griffith*, (S. D.) 63 N. W. Rep. 544, is not an authority in favor of the respondent. The only question decided in that case was that the Supreme Court would not control the discretion of the trial judge

in refusing to allow the defendant to open up his default for the purpose of striking from the judgment a clause adjudging that the debt on which such judgment was rendered was incurred for property obtained under false pretenses. What effect such a clause in the judgment would have upon the rights of the parties in future litigation was not passed upon. However, it appears to have been considered by the parties to that cause that such a clause in the judgment might have a binding effect upon the judgment debtor when he should subsequently claim his exemptions. But there is nothing in the opinion of the court to indicate that it intended to dispose of that particular question. Moreover, we should feel compelled to refuse to follow that learned court, if it had announced any such doctrine as the one contended for by the respondent in this case.

The judgment of the District Court is reversed, and a new trial is ordered. All concur.