In re DURHAM.

(District Court, E. D. Arkansas, W. D. October 19, 1900.)

BANKRUPTCY—EXEMPTIONS—STATE STATUTE.

Under Sand. & H. Dig. §§ 4727–4729, providing that a debtor cannot claim an exemption in personal property in his possession as against a claim for its purchase price, and giving the seller the right to an attachment for the property in an action to recover the price, a debtor cannot avail himself of the bankruptcy law to defeat the execution of such an attachment after its issuance, by filing a voluntary petition on which he is adjudged a bankrupt, and in which he claims the property as exempt, as Bankr. Act 1898, having adopted the state laws as to exemptions, cannot be so administered as to enlarge the rights of debtors thereunder. In such case, while the property may be temporarily in the possession

of the trustee, he has no title or beneficial interest therein, and the possession, in effect, remains in the bankrupt, within the meaning of the state statute, and the trustee will be directed to surrender it to the bankrupt, to be taken on the state process.

**In Bankruptcy.** On creditor's petition for an order allowing him to subject property claimed by the bankrupt as exempt to the payment of a debt against which such property is not exempt under the state statute.

This is a petition filed by H. Fellheimer, a creditor of the bankrupt, setting up that on March 20, 1900, the petitioner filed a suit in the circuit court of Garland county, Ark., against the bankrupt, to recover $125, due him from the bankrupt for furniture sold, and at the same time also filed, under the statutes of Arkansas, which will be hereinafter set out, his affidavit to secure a seizure of the property; whereupon an order of possession was issued by the state court, and placed in the hands of the sheriff for execution. When the sheriff proceeded to make the seizure, he was informed by the defendant that he desired to execute a retaining bond for the property, as permitted by the laws of the state. Immediately thereafter, and before the sheriff seized it, the bankrupt filed a voluntary petition in bankruptcy, and was adjudged a bankrupt, and when the sheriff desired to execute the order of possession, no retaining bond having been given by the defendant, the property was in the possession of the trustee of the bankrupt, who now still holds it subject to the order of the court. That all the property owned by the bankrupt is claimed by him as exempt, and as soon as appraised by the trustee, and found to be of a value not exceeding $500, the amount exempt from execution under the laws of the state of Arkansas, it would be turned over to the bankrupt. That among the property thus claimed as exempt is the property described in the order of possession, and sought to be seized by the petitioner in his proceedings in the state court. It is further alleged that said property is not exempt under the constitution and laws of the state of Arkansas, as against petitioner's claim, but is exempt as to all other debts. On the 12th day of May, 1900, the petitioner's suit came on for trial in the Garland circuit court, and, the bankrupt having filed the certificate of adjudication as a bankrupt, no personal judgment was rendered against him, but the following judgment was entered: "It is therefore considered, ordered, and adjudged that the plaintiff have and recover of and from the defendant William Durham $125, with interest from January 1, 1900, and all costs herein accrued, to be satisfied, however, of the following described personal property [describing the property now in controversy]; that the sheriff execute the order for possession now in his hands, which was issued and placed in his hands at the institution of the suit; that, if the defendant give bond to retain possession as provided by law, he make such return, together with the bond, but, if he shall take said property under said order of possession, he shall advertise the same for sale, and sell the same, according to law, as in the case of sale of personal property under execution, and report his proceedings to this court." The petitioner now asks this court to make an order directing the trustee to turn the property described in the petition over to the sheriff of Garland county, in order that he may execute the process of the state court, as under the laws of the state it is not exempt from seizure for petitioner's debt.

The statutes of Arkansas, under which the proceedings were had in the state court, and which the petitioner now seeks to have enforced in this proceeding, are sections 4727–4729, Sand. & H. Dig., and are as follows:

"Sec. 4727. In any action brought in the courts of this state for the recovery of money contracted for property in possession of the vendee, it shall not be lawful to include said property in any schedule intended to protect said property, or exempt it from seizure on attachment or sale on execution or other process issued from any court for the collection of any debt upon the claim of the plaintiff.

"Sec. 4728. In any such action the court or clerk shall issue, on petition of the plaintiff, duly verified, describing the property and stating its value, at or after the commencement of such action, an order, which may be embodied

in the original summons, stating the name of the court and the style of the action. and directing the sheriff or other officer to take the property described in the petition, and hold the same subject to the orders of the court.

"Sec. 4729. The defendant may give bond for the retention of the property, as in cases of orders of delivery of personal property."

Greaves & Martin, for petitioner.
Murphy & Mehaffy, for bankrupt.

TRIEBER, District Judge (after stating the facts). While the exemption laws of the state of Arkansas are very liberal to debtors, they specially provide that there shall be no exemption of any property from seizure on attachment or sale under execution or other process issued from any court for the recovery of money due for the purchase of the property as long as it is in the possession of the vendee. If this property had been seized under execution, attachment, or other process of any court, the debtor could not have included it in his schedule as against a judgment for the purchase money, but the same would be subject to seizure and sale. By section 4728, Sand. & H. Dig., it is provided that the order for the seizure of this property may be issued on the petition of the plaintiff at or after the commencement of the action; but, under section 4729, the defendant is permitted to retain the property by executing a bond therefor, as in actions of replevin, which means within 48 hours after the sheriff serves the writ on him. Bankr. Act, § 6a, merely adopts the exemption laws of the state in which the bankrupt resides at the time of the filing of the petition, from which it follows, as of course, that the bankrupt is entitled to no exemptions except such as he could claim under the laws of the state. It is not contended by counsel for the bankrupt that, if no bankruptcy proceedings had been instituted, the property would not have been subject to seizure and sale in pursuance of the judgment of the state court, nor that it could be claimed as exempt by the bankrupt; but it is urged that, as the bankruptcy proceedings will result in discharging the bankrupt from all of his provable debts, including that of petitioner, the property cannot be subjected to the judgment of the state court. I cannot agree to this proposition, as the right of a bankrupt to exemptions under the bankrupt law depends entirely upon the laws of the state; and while it is true that this right of the vendor to subject the property to the payment of his debt due for the purchase money, regardless of the exemption laws, is not, strictly speaking, a lien on the property, still it is a right given to him by the laws of the state, which the bankrupt law does not attempt to deprive him of. The rule might be different if the title to this property would vest in the trustee for the benefit of the creditors, for it would then cease to be in the possession of the bankrupt (Bridgeford v. Adams, 45 Ark. 136); but, where the property is claimed as exempt, no title passes to the trustee, and he is only entitled to the possession thereof for the purpose of ascertaining, by proper appraisement, whether the value of the property does not exceed that allowed as exempt under the laws of the state. As soon as that is ascertained, it is the duty of the trustee to deliver it to the bankrupt. Thus, in those states where the rule prevails that individual members of a partnership can each claim exemp-

tions out of the partnership estate, the bankruptcy courts are bound to follow this rule. In re Friedrich, 40 C. C. A. 378, 100 Fed. 284; In re Beauchamp (D. C.) 101 Fed. 106; In re Wilson (D. C.) 101 Fed. 571. And, where the state law declares that a debtor shall forfeit his right to the exemption allowed if he is guilty of willful fraud in concealing from his creditors any part of the property of which he is possessed at the time he seeks the benefit of the exemption, a bankrupt who does not make a full and fair disclosure of all the property owned by him at the time of the filing of his petition in bankruptcy will be denied exemptions by the bankrupt court. In re Waxelbaum (D. C.) 101 Fed. 228. Nor will bankruptcy protect a debtor from arrest in a civil proceeding for the collection of debts fraudulently contracted, where the state laws provide for such a proceeding. In re Lewensohn (D. C.) 99 Fed. 73.

It might just as well be contended that a bankrupt could claim his personalty exempt against a judgment for a tort, although the constitution of the state provides that there shall be no exemption of personal property as against a judgment for a tort. Congress, in enacting the bankrupt law, did not see proper to provide for exemptions by special provisions, but accepted the laws of each state as suitable provisions for the protection of unfortunate debtors; and as the laws of this state expressly provide that a debtor shall not have the enjoyment of property not paid for as against his vendor, and the bankrupt act merely adopts the exemption laws of the state, it necessarily follows that the petitioner is entitled to subject the property which, by the judgment of the state court, has been declared subject to execution under his judgment, to the payment thereof, and the trustee will be directed to turn the property over to the bankrupt, and leave is granted to the petitioner to have the same seized by the sheriff of Garland county under the process of the state court.