(103 N. W. 392.)

---

JEWETT BROTHERS, A CORPORATION, V. B. E. HUFFMAN, A. E. HUTCHINSON, AS TRUSTEE OF THE ESTATE OF B. E. HUFFMAN, BANKRUPT.

Opinion filed February 18, 1905.

**Attachment — Dissolution by Bankruptcy.— Exempt Property.**

1. The lien of an attachment is not dissolved by the bankruptcy of the attachment debtor, where the property attached is exempt as against the trustee in bankruptcy, but is not exempt from seizure for the debt upon which the attachment is based.

**Attachment May Hold Until Decision of the Bankrupt Court as to Exemptions.**

2. Where it is conceded that part and possibly all of the property attached is exempt from the bankruptcy proceedings, the property may be held under the attachment until it has been determined in the bankruptcy proceedings what part, if any, of the attached property has

passed to the trustee in bankruptcy, freed from the bankrupt's claim for exemptions.

**False Pretenses as Applied to Attachment Not a Part of Cause of Action.**

3. False pretenses which are relied upon solely as a basis for the provisional remedy by attachment, and to defeat the defendant's right to exemptions, do not constitute part of the cause of action, where the plaintiff sues on contract to recover the purchase price of goods sold and delivered.

**Trustee in Bankruptcy Cannot Intervene to Get Possession of Attached Property.**

4. The fact that the warrant of attachment has been levied upon the property of the bankrupt does not authorize the trustee in bankruptcy to intervene in the action in which the attachment issued for the purpose of obtaining possession of the attached property.

Appeal from District Court, Benson county; *Cowan, J.*

Action by Jewett Bros. against B. E. Huffman, and A. E. Hutchinson intervenes. Judgment for defendants, and plaintiff appeals.

Reversed.

*John Knauf,* for appellant.

Title to exempt property does not pass to a trustee in bankruptcy under the 1898 bankruptcy act. The state law governs as to exemptions. Section 70, U. S. Bankruptcy Act, 1898; Brandenburg on Bankruptcy, 412; Peck v. Jenness, 48 U. S. 612, 12 L. Ed. 841; Scott v. Kelley, 89 U. S. 57, 22 L. Ed. 729; Davis v. Friedlander, 104 U. S. 570, 26 L. Ed. 818, section 6, U. S. Bankruptcy Act of 1898; subdivison 2, section 17, Bankruptcy Act of 1898; section 5226, Rev. Codes N. D. 1899.

Liens against exempt property are not discharged, released or dissolved by the act or declaration in bankruptcy. Robinson v. Wilson, 22 Am. Rep. 272; In re Kaeppler, 7 N. D. 435, 75 N. W. 789; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770.

By section 70 of the bankruptcy act, the trustee is, by operation of law, vested with the title of the bankrupt, but this section expressly excepts title to property which is exempt. The title to defendant's exempt property remained in him. Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770; In

re Durham, 104 Fed. 231; Jeffries v. Bartlett, 20 Fed. 496; Adams v. Crittenden, 17 Fed. 42.

The title to property which is exempt remains in the bankrupt, and jurisdiction to liens thereon is in the state, and not the federal, courts. Powers Dry Goods Co. v. Nelson, supra; Robinson v. Wilson, 15 Kan. 595, 22 Am. Rep. 272; Re Little, 110 Fed. 621.

*Comstock & Dresser,* for respondents.

All levies, judgments, attachments or other liens obtained through proceedings against an insolvent within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and passed to the trustee as a part of the bankrupt's estate. U. S. Bankrupt Act, 1898, section 67f; In re Tune, 115 Fed. 906, 93 Fed. 953; 94 Fed. 793; 96 Fed. 936.

Liens against exempt property acquired within four months prior to the filing of a petition in bankruptcy are released or discharged by the act or declaration in bankruptcy. U. S. Bankruptcy Act 1898, section 67f; In re Tune, supra.

Where the statute provides that property sold shall not be exempt from claims for the purchase money, the vendor has not a lien at the time of sale, and protected under section 67d of the bankrupt act, but only the right to obtain the lien of attachment, such lien falling under section 67f of said act. 112 Fed. 975.

The law is the same in regard to property obtained under false pretenses. The state court lost jurisdiction, which was transferred by law to the federal court having exclusive jurisdiction of the subject matter. The bankrupt court can compel an officer of the state court to deliver attached property to the trustee. 93 Fed. 953; 94 Fed. 793; In re Tune, supra.

Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770, is distinguishable from the case at bar. There the attachment and levy were made after the goods had been set apart and turned over to the bankrupt as exempt property, and had passed out of the hands of the trustee. In this case the attachment was prior to the adjudication of bankruptcy, but within the four months period, and before the property passed into the trustee's hands. The earlier cases hold that when property is set apart and delivered to the

bankrupt by the bankrupt court, the court will not concern itself further with adverse liens, that may or may not be extinguished by the bankruptcy. 20 Fed. 498; 12 Kan. 98.

The contrary rule is supported by the weight of authority. 1 N. B. R. 555, 2 N. B. R. 498, 5 N. B. R. 298; In re Tune, supra.

ENGERUD, J. Plaintiff commenced an action to recover $493, claimed to be due on account of merchandise sold to defendant. Allegations were incorporated in the complaint to the effect that the sale upon credit was induced by deceit. The complaint concludes with a demand for judgment for the debt, and "for a writ of attachment herein against all the property of the said defendants; for an order of court directing the sale of property herein attached under a judgment granted against the defendant for having obtained goods, wares and merchandise and general groceries under false and fraudulent pretenses, and that the judgment rendered herein be for having obtained property from the plaintiff under and by virtue of false pretenses." A warrant of attachment was procured on the ground that the debt sued for was incurred for goods obtained by false pretenses. By virtue of the warrant the sheriff of Benson county levied upon and seized the defendant's stock of merchandise. The attachment levy was made December 18, 1902. On January 16, 1903, the defendant was adjudged a bankrupt in voluntary bankruptcy proceedings instituted in the United States district court for the district of North Dakota. The defendant thereupon served an answer to the complaint, which contained neither a denial, affirmative defense, nor counterclaim, but alleges that the defendant has been adjudged a bankrupt, and demands a dismissal of the action with costs. The plaintiff then served a document styled a "reply" to this answer. This reply admits the adjudication of bankruptcy, and avers that the property seized under the warrant of attachment in said action had been claimed by the bankrupt as a part of his exemptions, and the same was exempt as against bankruptcy proceedings, but that said property was not exempt from seizure for plaintiff's debt, by reason of the false pretenses set forth in the complaint. Subsequently the trustee in bankruptcy was permitted to intervene in the action. The intervener's complaint,, in substance, sets forth that the sheriff had seized and was holding possession, by virtue of the writ of attachment in said action, of the defendant's entire stock of merchandise; that said defendant had been adjudged a bankrupt within

a month after the attachment, and the intervener had been appointed trustee, and qualified as such; that the referee had made an ex parte order directing the sheriff to deliver the attached property to the trustee; that the sheriff had refused, on demand, to obey said order. The intervener prays judgment that the attachment be discharged and released; that the sheriff be required to surrender the attached property to the trustee; that the intervener recover his costs, and have such other and further relief as may seem to the court just and equitable. To this intervener's complaint the plaintiff made answer, which, in effect, contains the same allegations as the reply to the defendant's answer. The record shows that when the action came on for trial the intervener moved for judgment in his favor on all the pleadings in the case, supplemented by certain admissions made in open court, which it is unnecessary to recite for the purposes of this opinion. The motion was granted, and an order was made directing a judgment to be entered to the effect that the attachment be wholly discharged and released; that the attached property be surrendered to the trustee in bankruptcy, and that the intervener recover from the plaintiff the costs and disbursements of the action. A final judgment was entered in accordance with the order, and the plaintiff appealed to this court from such judgment and order.

No question is made as to the regularity of the proceedings. The assignments of error attack the propriety of the trial court's decision of the question which it is assumed arose on the pleadings.

Appellant contends that inasmuch as it is conceded that part, at least, of the exempt property is exempt as against the bankruptcy proceedings, therefore the lien of the attachment remains in force, unaffected by the bankruptcy, as to such part thereof as to which the bankrupt's claim for exemptions shall be allowed; and, as the statutes of this state do not allow any exemptions against a debt incurred for property obtained under false pretenses, the plaintiff has the right to hold and subject to his claim any property of the defendant which does not pass to the trustee in bankruptcy. The respondent contends that, under section 67f of the bankruptcy law ('Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), the lien acquired by the attachment levy was dissolved by the bankruptcy of the debtor, and that the trustee is entitled to the possession of all the debtor's property, whether exempt or not; that the trustee is entitled to take and hold the exempt property until

the debtor's claim to exemptions has been allowed. Respondent's contention is fairly met by the decision of this court in Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770, where it was said: "Exempt property constitutes no part of the estate which passes to the trustee for the benefit of his creditors. * * * Exempt property is not disturbed, but is left to the debtor, to be held by him subject to the laws of the state, entirely freed from federal interference." Judge Jones, of the Northern District of Alabama, in the case of In re Tune (D. C.) 115 Fed. 906, differs from us on this question; but Judge Trieber of the Eastern district of Arkansas, in a case similar to the one at bar, took the same view of the statute as we do. In re Durham (D. C.) 104 Fed. 231. See, also, In re Little (D. C.) 110 Fed. 621. Until the question is authoritatively settled in the federal courts, we see no reason to depart from the views expressed in the Nelson case.

The lien of the attachment remains in force, notwithstanding the bankruptcy, upon so much of the property as is exempt from those proceedings. The adjustment of the debtor's claim for exemptions is a matter which pertains to the administration of the bankrupt estate, over which the court in which those proceedings are pending has exclusive jurisdiction. Until that tribunal shall have determined how much of the attached property is exempt, and consequently how much of it has passed to the trustee, it is clear that the attaching creditor has the right, so far as the trustee is concerned, to hold it. The attaching creditor has a lien on all that does not belong to the trustee, and it is conceded that the debtor's demand for exemptions has not been passed upon by the bankruptcy court. It is conceded that when the exemptions are allowed they may include all of the attached property. In that event the attachment will not be affected by the bankruptcy. In short, it is not yet known whether or not the trustee is entitled to any of the attached property. Until the trustee has established what part, if any, of this property belongs to him, freed from the attachment lien, he is in no position to claim it. For these reasons, the ruling of the trial court was erroneous.

The procedure adopted in this case is unwarranted by statute, principle or precedent. A simple action at law for the recovery of a debt seems to have been transmuted into an action by the trustee in bankruptcy to recover the possession of specific personal property from the plaintiff. The original cause of action has entirely

dropped out of sight. This procedure has apparently resulted from the erroneous idea that the right to the provisional remedy of attachment was part of the cause of action. Hence the intervention was permitted on the supposition that the trustee in bankruptcy had an interest in the subject matter of the action adverse to both parties. An attachment is a mere provisional remedy in an action. It is not part of the cause of action, or relief sought thereby. In this case the cause of action, stated in general terms, was the defendant's breach of contract to pay the purchase price of goods, and the relief sought was the recovery of the purchase price. The allegations as to false pretenses and the demand for a writ of attachment had no proper place in the complaint, and were mere surplusage. Sobolisk v. Jacobson, 6 N. D. 175, 69 N. W. 46. The attachment, and the grounds therefor, as well as the right to hold the property levied on, were matters entirely extraneous to the cause of action. There was no ground for the intervention.

We have passed upon the merits of the question which the record purports to present, because the parties seem to have consented to this irregular manner of litigating it, and because the facts presented did not warrant the dissolution of the attachment. The orderly administration of justice, however, demands substantial adherence to regular procedure, and the unwarranted departure from the established rules of practice disclosed by this record should not be tolerated by the trial court.

The judgment and order are reversed. All concur.