## BURCELL v. GOLDSTEIN et al.

### (136 N. W. 243.)

**Justices of the peace— garnishment — exemptions — filing schedule.**

1. A claim for exemptions in a garnishment proceeding in a justice court must, in order to serve as a defense and to protect such exemptions, have been preceded by the filing with such justice of a schedule of the debtor's personal property, as prescribed by § 8405, Rev. Codes 1905, as amended by chap. 131, Laws of 1909.

**Justices of the peace — garnishment — exemptions — filing schedule.**

2. § 7119, Rev. Codes 1905, does not apply to garnishment proceedings brought in justice court, and exemptions cannot be claimed or secured by filing a schedule with the constable under such section of the statute.

**Justices of the peace — garnishment — bankruptcy — appeal — exemptions.**

3. Where a schedule is not first filed with the justice within the time and

23 N. D.—17.

in the manner prescribed by § 8405, Rev. Codes 1905, as amended by chap. 131, Laws of 1909, and judgment by default has been rendered against the defendant in the justice's court, the property garnished may not afterwards be claimed as exempt in the district court on an appeal thereto.

**Justices of the peace — bankruptcy — jurisdiction — liens — exemptions — administration of estate.**

4. Where money is garnished in an action in a justice court and a claim for exemption is disallowed in such court, a subsequent adjudication in bankruptcy in the Federal courts in which such property is claimed and set aside to the debtor as and for his exemptions will not release or avoid the lien of such prior garnishment, even though such garnishment proceedings may have been instituted within four months of such adjudication in bankruptcy, and in spite of the provisions of § 67-f of the Federal bankruptcy act of 1898.

**Garnishment — exemptions — lien — bankruptcy — preferences.**

5. The Federal statute referred to only avoids liens upon property which passes to the trustee in bankruptcy, and over which the bankruptcy court could and has assumed jurisdiction. But setting aside the property as exempt, such court will be held to have disclaimed any intention of assuming or of having ever assumed jurisdiction over it, and it cannot be said to have passed at any time to the trustee in bankruptcy. Nor will the fact that, on account of such adjudication in bankruptcy, a personal judgment cannot be rendered against the defendant in the district court, alter the case or preclude the foreclosure of the lien, as the jurisdiction of the district court is *in rem*, and not *in personam*.

Opinion filed May 2, 1912.

Appeal by defendants from a judgment of the District Court for Grand Forks County; *Hon. Charles F. Templeton,* J., in plaintiff's favor in a garnishment action brought to recover a certain amount for goods sold and delivered by plaintiff to defendants.

Affirmed.

This is an appeal from an action brought in the justice court to recover the sum of $47.40 for goods sold and delivered, in which the Hamburg, Bremen Insurance Company, and the National Union Fire Insurance Company, were the garnishee defendants. Within three days after the service of the garnishment summons, the defendant served upon the constable who served the papers a written claim for exemptions, and a certified schedule of all of his personal property, as provided by § 7119, Rev. Codes 1905. On the trial judgment by default

was rendered against the principal defendant and the several garnishee defendants. All of the defendants appealed to the district court; and prior to such appeal, and with the notice of appeal and undertaking, filed an answer setting forth, by way of defense, that such moneys were exempt from garnishment. The answer also set forth that after the time of the rendering of the judgment in the justice court the principal defendant had been adjudged bankrupt in the United States district court for the district of North Dakota; that the claim of the plaintiff was scheduled as one of his debts, and that the plaintiff had had due notice of all of the bankruptcy proceedings. The proof also showed that in the bankruptcy court the money garnished was claimed and set aside to the principal defendant as and for his exemptions. The district judge found that by reason of the defendant's failure to file in the justice court the schedule of his personal property, as provided by § 8405, Rev. Codes 1905, as amended by chap. 131, Laws of 1909, the plaintiff had acquired a lien upon the money in the hands of the garnishees; and that the former could not defend these proceedings in the district court on the ground that the money was exempt. He then, and in accordance with such findings, entered judgment against the respective garnishee defendants, and against the principal defendant, but as to him merely, "formally, and only for the purpose of sustaining plaintiff's judgment against the garnishees in the proceedings, said judgment to be in effect a judgment *in rem,* and not *in personam.*" From these judgments all of the defendants have appealed to this court.

*F. B. Feetham,* attorney for plaintiff and respondent.
*Skulason & Burtness,* attorneys for defendants and appellants.

BRUCE, J. (after stating the facts as above). The questions to be determined upon this appeal are: (1) May a defendant against whom and whose garnishees judgment is taken in justice court by default, and who, prior to such judgment has served upon the constable a written claim for exemptions and a schedule of his personal property, as provided by § 7199, Rev. Codes 1905, but has neglected to file with the justice a schedule of his personal property as provided by § 8405, Rev. Codes 1905, as amended by chapter 131, Laws of 1909, upon a trial *de*

*novo* in the district court and upon an appeal by the defendant and garnishee from such judgment, interpose, in the latter court, the defense that the property sought to be garnished is exempt? (2) When, upon such appeal the judgment is reversed as to the principal defendant on account of the adjudication in bankruptcy between the time of the trial in the justice court and the trial in the district court, can the judgment against the garnishees be sustained?

This case was tried before chap. 132, Sess. Laws, 1911, became operative, reducing the exemption amount to $500; and the statutes upon the subject of exemptions which relate to the case at bar are as follows: § 7117, Codes of 1905: "In addition to the property mentioned in the preceding section, the head of the family may, by himself or his agent, select from all other of his personal property not absolutely exempt, goods, chattels, merchandise, money, or other personal property, not to exceed in the aggregate $1,000 in value, which is also exempt and must be chosen and appraised as hereinafter provided." Section 7119: "Whenever any debtor against whom an execution, warrant of attachment, or other process has been issued, desires to avail himself of the benefit of § 7117, of this Code, said debtor, his agent, or attorney shall make a schedule of all his personal property of every kind and character, including money on hand and debts due and owing to the debtor, and deliver the same to the officer having the execution, warrant of attachment, or other process, which said schedule shall be subscribed and sworn to by the debtor, his agent, or attorney, and any property owned by the debtor, and not included in said schedule, shall not be exempt as aforesaid." Section 8405 of the Codes of 1905, as amended by chapter 131, Laws of 1909, is as follows: "If a defendant desire to defend the garnishment proceedings upon the ground that the indebtedness or property involved is exempt from execution, or any other ground contemplated in § 6981, such defense may be interposed at the time fixed for the garnishee's appearance; provided, that if said defense is on the ground that such property or indebtedness is exempt from execution, said defendant *shall*, within three days after the service of the garnishment summons upon him, have filed in the justice court in which said action is pending, a schedule of his personal property made and sworn to as provided in § 7119." Section 8401: "When any creditor shall be entitled to proceed by garnishment, as prescribed by §§ 6968 and 6988, in-

clusive, such proceedings may be had in any justice's court properly having jurisdiction of the subject-matter, and the mode of procedure therein and the law applicable thereto, when not otherwise prescribed or provided, shall conform as nearly as practicable to the provisions of said sections." Section 8500: "Any party dissatisfied with a judgment rendered in a civil action in a justice's court, whether the same was rendered on default or after a trial, may appeal therefrom to the district court of the county or subdivision at any time within thirty days after the rendition of the judgment. The appeal is taken by serving the notice of appeal on the adverse party or his attorney, and by filing the notice of appeal, together with the undertaking required by law, with the clerk of the district court of the county in which the appeal was taken." Section 8505: "The undertaking for appeal must be served with the notice; also appellant's pleading when the judgment appealed from was taken by default." Section 8509: "The action shall be tried anew in the district court in the same manner as actions originally commenced therein." Section 6981: "And this relates to the procedure in the district court. The defendant may in all cases by answer duly verified, to be served within thirty days from the service of the garnishee summons on him, defend the proceeding against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant, or for any other reason is not liable to garnishment; or upon any ground upon which a garnishee might defend the same; and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests. And the garnishee may at his option defend the principal action for the defendant, if the latter does not, but shall be under no obligations so to do."

The right to exemptions is a right which is the creature of statutory law. Exemptions are favorably considered by the courts, but in order that one may come within the protection of the statutes, the statutes must be obeyed. In order that one may plead an exemption in a garnishment proceeding which is originally brought in a justice court, he must, within three days after the service of the garnishment summons upon him, file a schedule of his personal property, made and sworn to as provided in § 7119. See § 8405, Rev. Codes 1905, as amended by chap. 131, Laws of 1909. This much certainly must be done, as the

statute is clear and unequivocal upon the subject. We do not believe that filing a schedule with the constable, as prescribed by § 7119 of the Code, is sufficient. Nor do we believe that this section covers the cases of garnishment at all, but rather that the garnishment statute (§ 8405 as amended by chap. 131, Laws 1909) is complete in itself. The filing of a schedule with the constable was not only not necessary, but was of no avail.

A garnishment is in the nature of an equitable attachment, and when property is once attached or garnished, the creditor has a lien thereon. When one claims the right to an exemption he does not, in any measure, question the right to the garnishment or the attachment. He merely seeks to have his property released from the lien. If, therefore, he does not assert his claim within the time and in the manner prescribed by the law, his rights are waived and the operation of the lien continues. Lindley v. Miller, 67 Ill. 244; Griffin v. Maxwell, 23 Ill. App. 405; Alden v. Yeoman, 29 Ill. App. 53. Nor does the fact that in an original proceeding in the district court the defendant may interpose his claim of exemptions by way of answer alter the case. Although, upon an appeal from the justice court, a trial de novo may be had, and the complaint or answer may be amended in so far as the right and theory of action is concerned, it cannot be so amended as to defeat vested rights or liens which have already been acquired. See Mahon v. Fansett, 17 N. D. 104, 109, 115 N. W. 79. Any other rule would, under the color of protection and clemency to the debtor, allow the debtor to deceive and defraud his creditor, and obtain an advantage by a default which he could not obtain if he defended the action in the justice court, and would subject the creditor to needless expense which he would not incur if he was satisfied, and could be satisfied upon the trial, in the justice court, of the honesty of the exemption. "A defendant, by failing to appear at the trial before the justice, cannot obtain an advantage." Carr v. Luscher, 35 Neb. 318, 53 N. W. 144. If he had appeared before the justice on the trial, not having filed his schedule, he could not have claimed the exemption. He certainly should not be allowed to do so after the default before the justice and on an appeal to the district court. Amis v. Cooper, 25 Ark. 14; Marx v. Trussell, 50 Miss. 498. In construing the statutes we must try to arrive at the intention of the legislature, and we are not at liberty to set aside positive statutory en-

actments because of a possible inconsistency in some other and independent provision. It is perfectly clear to us, indeed, that § 6981 of the Codes of 1905 was intended to relate solely to garnishment actions which are commenced originally in the district court, and not to those which have had their origin before a justice of the peace.

Nor, when we come to consider the effect of the adjudication in bankruptcy, do we find the situation to be any different. The law is well established that a lien upon exempt property can, in certain cases be foreclosed, notwithstanding the discharge of the defendant in bankruptcy; and the mere fact that a personal judgment cannot be rendered against the principal defendant on the original debt after such adjudication is not always controlling. Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703; Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; F. Mayer Boot & Shoe Co. v. Ferguson, 19 N. D. 496, 126 N. W. 110; Re Blumberg, 94 Fed. 476. It is true that in the case at bar the lien was obtained prior to the filing of the petition in bankruptcy, and within four months of the same; it is also true that § 67-f of the Federal bankruptcy act of 1898 expressly provides that "all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent at the time, within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same" [30 Stat. at L. 565, chap. 541, U. S. Comp. Stat. 1901, p. 3450]. While § 1 of the same act provides that " 'a person against whom a petition has been filed' shall include a person who has filed a voluntary petition." (See also Re Beals, 116 Fed. 530; Cavanaugh v. Fenley, 94 Minn. 505, 110 Am. St. Rep. 382, 103 N. W. 711.) These statutes, however, have been held to only apply to liens upon property which has passed to the trustee in bankruptcy, and over which the bankruptcy court could and has assumed jurisdiction. Robinson v. Wilson, 15 Kan. 595, 22 Am. Rep. 272; Thole v. Watson, 6 Mo. App. 591; Jeffries v. Bartlett, 20 Fed. 496; Re Durham, 104 Fed. 231; Adams v. Crittenden, 4 Woods, 618, 17 Fed. 42; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703; Re Little, 110 Fed. 621; Jewett Bros v. Huffman, 14 N. D. 110, 103 N. W. 408. By setting

aside the property as exempt, the bankruptcy court disclaimed the intention of assuming, or of ever having assumed, jurisdiction over it, and it cannot be said to have passed at any time to the trustee. Such being the case, the liens created by the garnishment proceedings were never avoided or nullified. Though, therefore, in subsequent proceedings, and if the liens of the present garnishments were released, a claim for exemption might be set up in the state courts against another plaintiff, or the particular plaintiff himself, defendant, by failing to file his schedule with the justice, is precluded, in the present case, from asserting the same against the present plaintiff. To state the case in another way; prior to the adjudication in bankruptcy the plaintiff had an undoubted lien upon the money garnished, and subject to no claim of exemption, since the defendant, by not filing his schedule, had waived the same; and this lien the bankruptcy court, by failing to assert any jurisdiction over the property, that is to say, by its setting it apart as exempt, has left unimpaired and as if no adjudication in bankruptcy had been had. See Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; Collier, Bankr. p. 787, § 2; Re Edwards, 156 Fed. 794; Lockwood v. Exchange Bank, 190 U. S. 294, 47 L. ed. 1061, 23 Sup. Ct. Rep. 751. The mere fact that a personal judgment could not be rendered against the defendant Goldstein, after such adjudication, is in no way controlling. The action in the district court was, to all intents and purposes, an action *in rem,* and the district court obtained jurisdiction because of the garnishment or equitable attachment, which was prior to the adjudication in bankruptcy, and not because of its jurisdiction over the person of the defendant.

The judgment of the District Court is affirmed.