J. P. SCHROEDER and Nic Schroeder, a Copartnership, Doing Business under the Firm Name and Style of McClusky Implement Company, v. A. N. DAVENPORT and George Kelly.

(150 N. W. 926.)

**Justice court — garnishment proceedings.**

1. Section 6981, Rev. Codes, 1905, construed and held not applicable to a garnishee proceeding commenced in a justice court, following Burcell v. Goldstein, 23 N. D. 257.

**Garnishment proceedings — justice court — defense in — by defendant for garnishee — time of — waiver.**

2. Section 8405, Rev. Codes, 1905, as amended by chapter 131, Laws 1909, construed and held to require a defendant who desires to interpose a defense in behalf of a garnishee in justice court, to do so at the time fixed for the garnishee's appearance in that court, and that he waives such privilege if not exercised at that time.

Opinion filed January 18, 1915.

Appeal from District Court, Sheridan County, *W. L. Nuessle, J.*

From a judgment in plaintiff's favor dismissing defendant's appeal to the District Court from a judgment against the garnishee, defendant appeals.

Affirmed.

*Peter A. Winter,* for appellant.

In order to maintain garnishment proceedings, there must be at the time a claim,—a subsisting right of action in favor of the defendant and against the garnishee. 20 Cyc. 983; Hallowell v. Leafgreen, 3 Colo. App. 22, 32 Pac. 79; Webster v. Morris, 66 Wis. 366, 57 Am. Rep. 278, 28 N. W. 359; Pabst Brewing Co. v. Liston, 80 Minn. 473, 81 Am. St. Rep. 275, 83 N. W. 448; Edney v. Willis, 23 Neb. 56, 36 N. W. 300.

The defendant is given the express privilege of defending the proceedings against the garnishee. Mallory v. Russell, 71 Iowa, 63, 60 Am. Rep. 776, 32 N. W. 103; Fleming v. Pye, 43 Tex. Civ. App. 176, 95 S. W. 594.

*Frank I. Temple,* for respondent.

Defendant appeals from a judgment rendered against Kelly, his garnishee, and by answer filed sets up no defense for himself or the garnishee, but one which might exist in favor of a third person,—a stranger to this action. Section 6891, Revised Codes 1905, is intended to relate solely to garnishment proceedings originally begun in district court. Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243; Rev. Codes 1905, § 8405.

The word "May" in a statute must always be construed to mean "must" or "shall" wherever it appears that a duty is imposed, and not merely a privilege granted. Downing v. Oskaloosa, 86 Iowa, 352, 53 N. W. 256; Keely v. Morse, 3 Neb. 224; Mason v. Fearson, 9 How. 248, 13 L. ed. 125; Ex parte Cincinnati, S. & M. R. Co. 78 Ala. 259; Birdsong v. Brooks, 7 Ga. 89; Waterloo Gasoline Engine Co. v. O'Neill, 19 N. D. 784, 124 N. W. 951; Re Brown, 2 Okla. 590, 39 Pac. 469; Richardson v. Augustine, 5 Okla. 667, 49 Pac. 932; Kansas P. R. Co. v. Reynolds, 8 Kan. 623.

If the element of costs is to affect the rule that appellate courts will not decide questions which have become moot questions merely, then in every case such questions must be decided. Costs have nothing to

do with the merits of a case. Re Kaeppler, 7 N. D. 307, 75 N. W. 253; Russell v. Campbell, 112 N. C. 404, 17 S. E. 149; Pritchard v. Baxter, 108 N. C. 129, 12 S. E. 906; Edgerton v. State, 50 Neb. 72, 69 N. W. 302; State ex rel. McNulty v. Porter, 58 Iowa, 19, 11 N. W. 715; Cutcomp v. Utt, 60 Iowa, 156, 14 N. W. 214; Little v. Bowers, 134 U. S. 547, 33 L. ed. 1016, 10 Sup. Ct. Rep. 620; Mills v. Green, 159 U. S. 651, 40 L. ed. 293, 16 Sup. Ct. Rep. 132; State ex rel. Coiner v. Wickersham, 16 Wash. 161, 47 Pac. 421; Hice v. Orr, 16 Wash. 163, 47 Pac. 424; Foster v. Smith, 115 Cal. 611, 47 Pac. 591.

FISK, C. J. This litigation originated in justice court and is an action to recover on a promissory note. When called for trial in justice court both the defendant, Davenport, and the garnishee, Kelly, appeared in person, and the defendant, for answer to the complaint, admitted each and every allegation therein contained, and made no further appearance in the case. The garnishee, Kelly, was sworn as a witness for the plaintiff, and from his disclosure the court found that the property in his hands was the property of the defendant, and judgment was entered against both the defendant and the garnishee for the sum of $102.62, damages and costs. On December 21, 1912, the defendant appealed from such judgment as rendered against the garnishee, and in March following the cause was reached for trial in the district court, and on motion of counsel for plaintiffs, the appeal was dismissed and judgment entered accordingly, from which judgment this appeal is prosecuted. The ground of the motion for such dismissal was that the defendant, Davenport, was not adversely interested in the judgment against the garnishee, Kelly, and therefore was not the proper party to appeal.

There is but one assignment of error in this court, and that challenges the correctness of the action of the trial court in dismissing such appeal. We shall not stop to inquire whether, technically speaking, the motion to dismiss the appeal was the proper method to pursue in the district court, for it is apparent that had such motion not been made, but instead the cause had been submitted to that court on the merits, the same result would, of necessity, have followed. In other words, the judgment of the justice court would have been affirmed for the obvious rea-

son that there were no disputed issues for trial. Both the defendant, Davenport, and the garnishee, Kelly, admitted liability. But counsel for appellant contends that it was error to dismiss the appeal because he insists that under § 6981, Rev. Codes 1905, defendant had the right to defend in behalf of the garnishee. That section reads: "The defendant may in all cases, by answer duly verified, to be served within thirty days from the service of the garnishee summons on him, defend the proceeding against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant, or for any other reason is not liable to garnishment; or, upon any ground upon which a garnishee might defend the same; and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests. And the garnishee may, at his option, defend the principal action for the defendant, if the latter does not, but shall be under no obligations so to do."

As we view it there are two answers to such contention; first, this statute has no application to an action originating in justice court; and, second, even if it had any application there was no issue for trial between the plaintiff and the garnishee, for, as before stated, the garnishee expressly admitted liability to the defendant.

Upon the first proposition see Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243. At page 263 of the opinion it is stated: "It is perfectly clear to us, indeed, that § 6981 of the Codes of 1905, was intended to relate solely to garnishment actions which are commenced originally in the district court, and not to those which have had their origin before a justice of the peace." As we understand appellant's position he claims the right to defend the garnishee upon the ground that the indebtedness owing by such garnishee is not due and owing to him, but to one W. J. Hunt, who is not a party to the record. Conceding, for the purpose of argument, that he had such right if he had properly exercised it, we are clear that he has failed to avail himself thereof. If the money in the hands of the garnishee was due to Hunt instead of to the defendant, Davenport, Hunt should have been interpleaded as a party, but no request for such interpleader appears to have been made before the justice. Appellant's counsel relies upon § 8405 as amended by chapter 131, Laws of 1909, as conferring the right upon

him to urge such defense in behalf of the garnishee at any time, but we do not thus construe the statute. It reads: " . . . If a defendant desire to defend the garnishment proceedings upon the ground that the indebtedness or property involved is exempt from execution, or any other ground contemplated in § 6981, such defense *may* be interposed at the time fixed for the garnishee's appearance; provided, that if said defense is on the ground that such property or indebtedness is exempt from execution, said defendant shall within three days after the service of the garnishment summons upon him, have filed in the justice court in which said action is pending, a schedule of his personal property made and sworn to as provided in § 7119," etc. We think it clear that the defendant is required, under this section, to interpose any defense which he has to the garnishee proceedings at the time fixed for the garnishee's appearance in the justice court, and that if he fails to do so at such time his rights are waived. The 1909 amendment was not designed to change this feature of the statute, although the word "may" was inserted in lieu of the word "must." We think the only change intended by such amendment was the insertion of the proviso included in the above quoted portion of the amended statute. A comparison of the original act with the amended statute serves to make this reasonably plain. The case of Burcell v. Goldstein, supra, lends support to this view. It construed the statute as amended, and we there held, with reference to pleading exemptions in garnishment proceedings originally brought in justice court, that one must, within three days after service of the garnishment summons upon him, file a schedule of his personal property as provided in § 7119, using this language: "This much certainly must be done, as the statute is clear and unequivocal on the subject."

We conclude that the appellant was in no way aggrieved by the judgment appealed from, and the same is accordingly affirmed.